Stuart Wayne Frazier, a minor, Shawn William Frazier, a minor, and Stephen Wendell Frazier, a minor, by their father and natural guardian, Stuart Frazier, Sr., individual citizens, Plaintiffs, v. The Commonwealth of Pennsylvania, State Retirement Board, Defendant, and Karen Johnson; William Johnson, Jr., a minor, by his mother and natural guardian, Helen Patricia Johnson; Valtatruite Frazier; Alexander Frazier, a minor, by his father and natural guardian, Alexander Frazier, Sr.; Helen Patricia Johnson; Alexander Frazier, Sr., Intervening Petitioners.

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John V. Adams,* with him *Robert C. Hillen,* and *Kachulis, Copetas, Adams & Hillen,* for plaintiffs.

*Raymond Kleiman,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendant.

*Howard E. Goldfarb,* for intervening petitioners.

OPINION BY JUDGE CRUMLISH, JR., February 5, 1975:

This case is before this Court in original jurisdiction on motion for summary judgment[1] by Stuart Wayne

---

1. Plaintiffs originally filed their motion pursuant to Pa. R.C.P. 1098. By order dated June 21, 1974, our Court ordered that the motion should be properly made under Pa. R.C.P. 1035 in that Plaintiffs' motion was filed at the close of the pleadings. Pa. R.C.P.

Frazier, Shawn William Frazier, Stephen Wendell Frazier as minors, and by their father, Stuart Frazier (Plaintiffs). Plaintiffs filed a complaint in mandamus seeking to compel the Commonwealth of Pennsylvania State Retirement Board, Defendant herein, (Board) to pay the sum of $28,200.36 to Plaintiffs pursuant to Section 407(3) of the State Employes' Retirement Code, Act of June 1, 1959, P.L. 392, *as amended,* 71 P.S. 1725-407(3). On petition, Intervenors[2] were granted leave to intervene by us.

Eleanor B. Jones (Decedent) was an employee of the Commonwealth of Pennsylvania for some sixteen years until March 14, 1972, when she died. During the course of her Commonwealth service she paid sums of money into the State Employes' Retirement Fund which was, and is, managed by the Board. At death, the value of that account was $28,200.36. On February 25, 1963, decedent duly executed and filed with the Board a "Nomination of Beneficiaries Form" which named Plaintiffs, who were three grandchildren of decedent, as sole beneficiaries of that fund. Then, on January 20, 1969, she forwarded a new Nomination of Beneficiaries Form to the Board in which she named Intervenors, four other grandchildren, as beneficiaries, in addition to the Plaintiffs whom she had previously named. Upon receipt of the second nomination of beneficiaries, the Board, by letter dated February 7, 1969, informed decedent that it could not effectively process that form because, "you indicated more than one beneficiary but did not list them in the space marked Equal Shares or Survivors, Principal Beneficiary, or Contingent Beneficiary to show how

1098 is inapplicable in the instant proceeding in that there is no request for preliminary relief prior to the framing of the legal issues as contemplated by Pa. R.C.P. 1098.

2. Intervenors are: Karen Johnson, William Johnson, Jr., Valtatruite Frazier and Alexander Frazier. They are four grandchildren of decedent.

you wish the money divided." Decedent died before she met the requirements of that notice. The Board, following unsuccessful attempts to resolve the dilemma, decided to distribute the fund in equal shares among Plaintiffs and Intervenors. This precipitated Plaintiffs' Complaint in Mandamus.

Pennsylvania Rule of Civil Procedure 1035 provides in relevant part: "(a) After the pleadings are closed . . . any party may move for summary judgment on the pleadings . . . . (b) . . . The judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

We have stated that the proponent of the motion has the burden of proving that there is no material issue of fact and that the record must be examined in a light most favorable to the non-moving party. *Commonwealth v. Transamerica Insurance Company,* 12 Pa. Commonwealth Ct. 190, 316 A. 2d 85 (1974) ; *Borough of Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974). And, it is equally well settled that such a motion should not be granted except in the clearest case where there is not the least doubt as to the absence of a triable issue of material fact. *Commonwealth v. Chesney,* 11 Pa. Commonwealth Ct. 379, 315 A. 2d 675 (1974) ; *see Prince v. Pavoni,* 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973).

The critical unresolved fact at this juncture is what exactly did happen on February 7, 1969, when Board sent the notice to decedent that her 1969 Nomination Form was defective. Plaintiff has alleged that Defendant admits that this form was "returned" to decedent on February 7, 1969. Defendant, in reply to Intervenor's new matter, avers that it "retained" this form.

The February 7, 1969 letter of the Board states in relevant part: "[w]e are retaining the Beneficiary Form which you submitted until you return the new form." Query, did Board send a copy of the 1969 form and retain the original, or send her the 1969 form (copy or original) and retain the 1963 form? Being obvious at this state of the pleadings that the factual posture is far from settled, the stage is not set for disposition on the pleadings. These Plaintiffs cannot prevail in their motion when the new matter raises disputed issues of fact.

We also point out that Plaintiffs, pursuant to our Rule of Civil Procedure 4014, requested Board to admit that the 1969 Nomination Form had been returned to decedent. This it refused to do. Defendant here is in the same position as a stakeholder in an interpleader action. The contestant in this action are Plaintiffs and Intervenors. Because Intervenors and Defendant are distinct parties with disparate interests, Plaintiffs' contention that Defendant's silence constitutes an admission of fact by Intervenors is without merit.

In these circumstances, where the finality of this litigation hinges on a determination of whether the 1969 Nomination Form was properly lodged, and the crucial facts relating to the survival or demise of that form are in doubt, we cannot sustain the motion for summary judgment.

The motion for summary judgment is denied and the record is opened for the purpose of taking such evidence as may be necessary to settle the factual issues heretofore unresolved.