Pennsylvania Association of State Mental Hospital Physicians, Inc. et al., Plaintiffs *v.* State Employees' Retirement Board, et al., Defendants.

Argued June 9, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, and Blatt. Judges Kramer and Rogers did not participate.

*Richard B. Sigmond,* with him *Leonard Spear,* and *Meranze, Katz, Spear & Wilderman,* for plaintiffs.

*Melvin R. Shuster,* Deputy Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, July 30, 1976:

The instant case concerns the retirement service credits earned by part-time employees of the Commonwealth of Pennsylvania. At least from 1959 and including part of 1969, part-time workers receiving an annual salary were advised, and the State Employees' Retirement Board (Board) systematically calculated retirement benefits on the basis, that one year of credit would be earned for each year the employee earned an annual salary.

In mid 1969 the Board requested an attorney general's opinion on the propriety of the system of computation of retirement credits of part-time employees for the purposes of eligibility and vesting. The opinion, issued in response to this request, advised that part-time employees were eligible to receive credit for pension fund purposes, only in an amount correspond-

ing to the amount of time worked by the individual as a percentage of full-time employment.[1] The opinion was applied to recompute, at a percentage basis, credit for earlier service rendered by part-time employees and was applied thereafter for any additional part-time employment retirement credit.

In 1969, and until amended in 1974, Section 204(1) of the State Employes' Retirement Code of 1959, Act of June 1, 1959, P.L. 392, *as amended*, 71 §17205- 204 (1), provided, in pertinent part:

"In computing the length of service of a contributor for retirement purposes, a year of service shall mean a period of twelve (12) months during which a contributor is a State employe and for which he receives an annual salary or other compensation. The time during which a State employe is on furlough or on leave of absence without pay shall not be counted in computing the credited service or the final average salary of the contributor. . . ."

In 1974, the legislature adopted the State Employees' Retirement Code, 71 Pa. C.S. §5101 et seq. This enactment, at 71 Pa. C.S. §5302(a), altered the method of computation of retirement credits by providing:

"In computing credited State service of a member for the determination of benefits, a full-time salaried State employee including any member of the General Assembly, shall receive credit for service in each period for which he makes contributions as required but in no case shall he receive more than one year's credit for any twelve consecutive months or twenty-six consecutive biweekly pay periods. A perdiem or hourly

---

[1] For example, an employee who worked 2½ days a week out of a 5 day week would be working 50% of full time and receive credit for retirement for one-half year for each calendar year of Commonwealth employment.

State employee shall receive one year of credited service for each non-overlapping period of twelve consecutive months or twenty-six consecutive biweekly pay periods in which he is employed and for which he contributes for at least two hundred twenty days or one thousand six hundred fifty hours of employment. If the member was employed and contributed for less than two hundred twenty days or one thousand six hundred fifty hours, he shall be credited with a fractional portion of a year determined by the ratio of the number of days or hours of service actually rendered to two hundred twenty days or one thousand six hundred fifty hours, as the case may be. A part-time salaried employee shall be credited with the fractional portion of the year which corresponds to the number of hours or days of service actually rendered in relation to one thousand six hundred fifty hours or two hundred twenty days, as the case may be. In no case shall a member who has elected multiple service receive an aggregate in the two systems of more than one year of credited service for any twelve consecutive months.''

In November of 1975, plaintiffs, a union, and four individual part-time employees,[2] filed a class action seeking a declaratory judgment invalidating certain provisions of the State Employees' Retirement Code, a writ of mandamus compelling named defendants to

---

[2] Plaintiff, Pennsylvania Association of State Mental Hospital Physicians, Inc., is a labor organization organized as a non-profit corporation representing approximately 900 mental health physicians at state owned facilities, a substantial percentage of whom are part-time employees. The individual plaintiffs are an x-ray technician who works 40% of full time, a medical doctor who works 55% of full time, a full-time medical doctor who formerly worked part time and a medical doctor working 60% of full time. All of the named individual plaintiffs have at various times worked at different percentages of full time than they presently do, and all sue on behalf of themselves and similarly situated persons.

recompute retirement credits for part-time employees
in the manner used prior to 1969 and alternatively a
declaration of contractual rights of part-time em-
ployees and a mandamus directing the proper defend-
ants to cease actions in violation of such contractual
rights. In December of 1975, defendants filed pre-
liminary objections which, *inter alia*, challenged the
standing of plaintiff union, sought dismissal of plain-
tiffs' count in mandamus due to an adequate remedy at
law, demurred, challenged plaintiffs' capacity to sue
as a class and moved the dismissal of defendant Milton
J. Shapp as an unnecessary party.

The most important objection raised by defendants
is the failure to state a cause of action. If successful
in this assertion, plaintiffs' case would be lost. We
will, therefore, initially consider this objection.

Defendants contend that pursuant to Section 204
(1) of the State Employes' Retirement Code of 1959
(repealed) and the State Employees' Retirement Code
(1974), 71 Pa. C.S. §5302, part-time salaried State
employees were only entitled to credit, for retirement
eligibility and vesting, measured by the fractional pro-
portion of the time worked to full time. We cannot
agree with this reading of the prior law. The first
sentence of Section 204(1), above, clearly entitled a
state employee to a credit for one year for any twelve
month period during which the employee received an
annual salary.

Defendants would apply the second sentence, dis-
allowing credit for time during which an employee is
on furlough or leave of absence without pay, to part-
time employees. There is nothing in the statute or in
the pleadings to indicate such individuals were so dis-
qualified, and such a conclusion is contrary to the ex-
press language of the statute and to the way the stat-
ute was administered for many years. It is our de-
termination that under the law, until repealed in 1974,

part-time employees receiving annual salaries earned retirement credit at the rate of one year for every twelve months during which annual salary was received.

The State Employees' Retirement Code, 71 Pa. C.S. §5302(a), above, effective as of March 1, 1974, altered the prior law. On March 1, 1974, and thereafter, part-time employees, by express provision of the law, were to earn only a percentage of a year's credit for each twelve months, depending on the percentage of time employed by the Commonwealth.

Plaintiffs argue that any employee with ten or more years of retirement credits prior to March 1, 1974 had a vested right[3] in receipt of retirement and in the manner of calculation of retirement and, therefore, could not be subjected to a less advantageous manner of retirement credit computation.

In *Harvey v. Allegheny County Retirement Board*, 392 Pa. 421, 141 A.2d 197 (1958), the Court clearly set forth the law with regard to public employees with vested rights in retirement funds. There the Court summarized:

"1. An employe who has complied with all conditions necessary to receive a retirement allowance cannot be affected adversely by subsequent legislation which changes the terms of the retirement contract.

2. An employe who has not attained eligibility to receive a retirement allowance may be subject to legislation which changes the terms of the retirement contract if the change is a reasonable enhancement of the actuarial soundness of the retirement fund.

3. An employe who has not attained eligibility to receive a retirement allowance may not be subject to legislation which changes the terms of the retirement

---

[3] Act of July 31, 1968, P.L. 695 (repealed), continued in the State Employees' Retirement Code in 1974, 71 Pa. C.S. §5309.

contract if the change does not reasonably enhance the actuarial soundness of the retirement fund.'' 392 Pa. at 431-32, 141 A.2d at 203.

Certainly, employees who, as of March 1, 1974, had complied with all conditions necessary to receive retirement, *i.e.*, attained entitlement, will be entitled to the same without regard to the 1974 enactment. Those who were in the process of attaining retirement eligibility, including those with vested rights in retirement by ten years or more services, will be subjected to the altered retirement credit calculations for part-time employment if it is determined that 1974 modification reasonably enhances the actuarial soundness of the retirement fund.[4]

In 1968 the State Employes' Retirement Code was amended by the Act of July 31, 1968, P.L. 695, No. 230, as to provide for vesting which was defined as:

'' 'Vesting' . . . shall mean the right of a member who separates from the service after having completed ten (10) or more years of credited service to leave accumulated deductions and accumulated Social Security Integration deductions credited to his account in the Fund, and upon reaching superannuation retirement age, receive a superannuation retirement allowance.''

In the State Employees' Retirement Code (1974), 71 Pa. C.S.A. 5309, it is provided:

''Any member who terminates State service with ten or more eligibility points shall be eligible until attainment of superannuation age to vest his retirement benefits.''

---

[4] Plaintiffs, in their complaint, allege the change in retirement credit for part-time employees bears no relationship to actuarial soundness of the fund and may put the defendants to the test of proving to the contrary, but we must note that, prima facie and almost to the point of judicial notice, the 1974 computation alteration appears to add to the soundness of the retirement system.

In the definitions, 71 Pa. C.S.A. 5102, "vestee" is defined as:

"A member with ten or more eligibility points who has terminated State service and has elected to leave his total accumulated deductions in the fund and to defer receipt of an annuity."

It is quite clear that vesting, as used in these two Acts, is not the entitlement spoken of in *Harvey* which precludes any modification adversely affecting the employee.

Having determined that plaintiff has stated a cause of action by alleging that the changes were not made to enhance the actuarial soundness of the fund, we will quickly review the remaining objections, which are more technical in nature. Plaintiff union is a proper party under Rule 2002(b) of the Pennsylvania Rules of Civil Procedure.[5] The union is acting in a representative capacity, disclosed in both the caption and the complaint. The right of a bargaining representative to sue on behalf of its members' interests is clear. *Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 164 A.2d 215 (1960). The union plaintiff also meets the requirements of standing recently set forth in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, Pa. , 346 A.2d 269 (1975), in that its members have a direct and substantial interest in the litigation and the result thereof will have an immediate impact on the parties.

Prosecution of the instant claim as a class action is also determined to be appropriate. The prerequisites

---

[5] Rule 2002 (b) states, in part:

"A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading."

of a class action, as set forth in Rule 2230(a) of the Pennsylvania Rules of Civil Procedure,[6] are here satisfied. The class concerned here is too numerous to practicably be joined and the representatives joined herein are and will adequately represent those not joined.

Defendants also object to the inclusion of Milton J. Shapp, Governor, as a party defendant and to the plaintiffs' count in mandamus due to an adequate remedy at law. It is very questionable whether hearing rights under the law[7] would afford an adequate remedy where it could require many hundreds, or even thousands of hearings. Additionally, mandamus has been a traditional procedure for the adjudication of retirement benefits of public employees. *See Scott v. Retirement Board of Allegheny County,* 439 Pa. 249, 266 A.2d 644 (1970); *Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968); *Geary v. Allegheny County Retirement Board,* 426 Pa. 254, 231 A.2d 743 (1967); *Hawey v. Retirement Board of Allegheny County,* 392 Pa. 421, 141 A.2d 197 (1958). With this background we cannot say that mandamus should be foreclosed to plaintiffs on preliminary objections.

Similarly, it is premature, without a record, to drop as a party defendant, the person alleged in plaintiffs' complaint to be in control of the retirement system. Rule 2232(d) of the Pennsylvania Rules of Civil Procedure[8] provides adequate procedure to let out a

---

[6] Rule 2230(a) provides: "If persons constituting a class are so numerous as to make it impracticable to join all as parties, any one or more of them who will adequately represent the interest of all may sue or be sued on behalf of all, but the judgment entered in such action shall not impose personal liability upon anyone not a party thereto."

[7] Sections 5302 and 5902(h) of the State Employees' Retirement Code, 71 Pa. C.S. §§5302 and 5902(h) and 4 Pa. Code §250.1.

[8] Rule 2232(d) of the Pennsylvania Rules of Civil Procedure provides: "When a plaintiff joins two or more defendants and the evi-

defendant when the evidence does not justify his inclusion. We will not sustain this objection at this time.

Accordingly, we will enter the following

ORDER

Now, July 30, 1976, the preliminary objections of the defendants to the plaintiffs' complaint for lack of standing, adequate remedy at law, in the nature of a demurrer, lack of capacity to sue and in the form of a motion to drop a party are dismissed and the defendants are given twenty days from the date hereof to answer plaintiffs' complaint.

---

dence does not justify a recovery against all of them, the court shall enter a nonsuit or direct a verdict in favor of any defendant not shown to be liable either jointly, severally or separately, and the action shall continue and determine which of the remaining defendants are jointly, severally or separately liable with the same effect as though the defendants found to be liable were the only ones joined. As in other cases the court may enter judgment notwithstanding the verdict in favor of or against any of such defendants."