Pennsylvania Association of State Mental Hospital Physicians et al., Plaintiffs *v.* State Employees' Retirement Board et al., Defendants.

Argued June 8, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Richard B. Sigmond,* with him *Leonard Spear,* and *Meranze, Katz, Spear & Wilderman,* for plaintiffs.

*Melvin R. Shuster,* Deputy Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, JR., July 19, 1977:

This is a continuation of a class action brought against the State Employees Retirement Board (Board) and various government officials concerning retirement service credits earned by part-time employees of the Commonwealth during years when an annual salary was received. The history of the case is more fully set forth in *Pennsylvania Associa-*

*tion of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board,* 25 Pa. Commonwealth Ct. 632, 361 A.2d 449 (1976) where we overruled defendants' preliminary objections, including a demurrer. Plaintiffs' complaint contains three counts: declaratory judgment, mandamus and assumpsit. Before us today are (1) plaintiffs' motion for partial judgment on the pleadings in declaratory judgment; (2) plaintiffs' motion for partial peremptory judgment or alternatively, partial judgment on the pleadings in mandamus, and; (3) defendants' motion for partial judgment on the pleadings and the dismissal of Count III of plaintiffs' complaint (Assumpsit).

Plaintiffs' motion for partial judgment on the pleadings in declaratory judgment must be denied. Declaratory judgment is a statutory action, brought under the Uniform Declaratory Judgment Act, Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §831 et seq. Since there is no provision in the act authorizing the entry of judgment on the pleadings, the motion is improper. *Greenberg v. Blumberg,* 416 Pa. 226, 206 A.2d 16 (1965); *Daniels Co., Inc. v. Nevling,* 5 D. & C. 2d 314 (1955), *aff'd,* 385 Pa. 276, 122 A.2d 814 (1956).

Plaintiffs also seek a partial peremptory judgment or alternatively, partial judgment on the pleadings in mandamus. In short, plaintiffs seek an order directing defendants to compute credited service for members of plaintiffs' class at the rate of one year for every twelve months during which an annual salary was received with respect to all years of service earned prior to March 1, 1974. The motion for partial peremptory judgment pursuant to Pa. R.C.P. No. 1098 must be denied. Rule 1098 is inapplicable where, as here, there is no request for preliminary relief prior to the framing of the legal issues. *Frazier*

*v. State Retirement Board,* 17 Pa. Commonwealth Ct. 243, 331 A.2d 596 (1975). Plaintiffs' alternative motion for partial judgment on the pleadings is properly before the Court and must be granted.

In overruling defendants' demurrer we held that prior to March 1, 1974, all part-time employees receiving annual salaries earned retirement credit at the rate of one year for every twelve months during which an annual salary was received. These credits are unaffected by the passage of the new State Employees Retirement Code, 71 Pa. C.S. §5101, whose changes may, if it is determined that the changes reasonably enhance the actuarial soundness of the retirement fund, be prospectively applied to employees who have not attained entitlement to retire. Defendants admit that starting in mid-1969 retirement credits were not calculated in the above manner, but were calculated at a rate to reflect the proportionate amount of time worked by each individual. Having determined that calculating retirement credits in this manner was improper we will grant plaintiffs' motion for partial judgment on the pleadings in mandamus.

Also before us is defendants' cross-motion for partial judgment on the pleadings with respect to Count III of the Complaint (Assumpsit). We will grant the motion. Briefly, plaintiffs' Count III asserts that from the inception of the State Employees Retirement Fund through 1969, defendants' employees have represented to Commonwealth employees that retirement credits would be earned at the rate of one year for each twelve month period in which an annual salary was received. Plaintiffs assert that the defendants are now estopped from denying that credits should be so calculated. We agree with the Commonwealth that even if misrepresentations were made, no estoppel can run against the defendants.

It is well established that when the Commonwealth is acting in a governmental capacity, it cannot be estopped by actions of its officials, employees or agents. Writing for a unanimous court in *Commonwealth v. Western Maryland Railway Co.*, 377 Pa. 312, 105 A.2d 336, *cert. denied*, 348 U.S. 857 (1954), Chief Justice STERN stated:

> It is a fundamental legal principle that a State or sovereignty cannot be estopped by any acts or conduct of its officers or agents in the performance of a governmental as distinguished from a proprietary function. *Id.* at 320, 105 A.2d at 340-41.

*Accord, Commonwealth v. Rohm and Haas Co.*, 28 Pa. Commonwealth Ct. 430, 368 A.2d 909 (1977). Plaintiffs contend that a further record is necessary to determine whether the Board's activity is governmental or proprietary. We disagree. The Board's function, the future compensation of state employees, is not even arguably proprietary in nature.

Plaintiffs further argue that defendant's motion must be rejected on the basis of the "law of the case doctrine." We believe that the doctrine is inapplicable in this case. First, the doctrine only applies to issues decided by appellate courts *upon appeal.* *Reamer's Estate*, 331 Pa. 117, 200 A. 35 (1938); *accord, Kuchinic v. McCrory*, 422 Pa. 620, 222 A.2d 897 (1966). This case is heard under our original jurisdiction. Second, there is no "law of the case" since the Court in overruling defendants' preliminary objections never addressed the issue of estoppel. In fact, to have addressed the issue would have been improper since the defendants' defense is properly raised in new matter, not in preliminary objections.

Accordingly, we will enter the following

ORDER

Now, July 19, 1977, plaintiffs' motions for partial judgment on the pleadings in respect to Count I of the complaint (Declaratory Judgment) and for partial peremptory judgment in respect to Count II of the complaint (Mandamus) are denied. Plaintiffs' motion for partial judgment on the pleadings in respect to Count II on the complaint is granted and defendants are directed to compute credited service for members of plaintiffs' class at the rate of one year for every twelve months during which an annual salary was received with respect to all years of service earned prior to March 1, 1974. Defendants' motion for partial judgment on the pleadings in respect to Count III of the complaint is granted and Count III of the complaint is dismissed.