Mona S. Fishman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Joseph L. DiTomo, Jr.,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, March 12, 1979:

Mona S. Fishman, an unemployment compensation claimant, was employed as a teacher by a private school. One of her duties was to take inventory of school supplies during the school year. Her superior asked her several times during the 1976-77 school year to take the inventory but she delayed in doing it. On June 3, 1977 Ms. Fishman's superior instructed her to commence the inventory on June 6, 1977 because it was necessary that the inventory be completed so that summer school could begin on June 13, 1977. Ms. Fishman did not begin to take the inventory on June 6, 1977 and indeed did not report to her place of employment until June 9, 1977. She was discharged from her employment by letter from her employer sent June 6, 1977 because she did not report to take the inventory on that day as instructed. Ms. Fishman testified that she did not report for work on June 6, 1977 because she had made arrangements to do other unspecified things on that day.

The Bureau of Employment Security determined that Ms. Fishman was ineligible for benefits on the ground that she voluntarily quit her work because ''she did not wish to comply with her contract stipulations.''

On appeal, a referee after hearing agreed that Ms. Fishman was ineligible for benefits but for the reason that she had been discharged for wilful misconduct rather than because she was a voluntary quit. The Board of Review affirmed the referee's decision.

Ms. Fishman on her appeal to this Court first questions whether the Board of Review's decision that she

was guilty of wilful misconduct was supported by substantial evidence. We have reviewed the record and have observed that it contains ample and indeed unrefuted evidence that Ms. Fishman, without explanation other than that she had arranged to do other things on June 6, 1977, simply disobeyed her employer's order that she perform a duty of her employment on that day. We note in this regard that in the brief submitted in behalf of Ms. Fishman to this Court, the statement is made that she was ill on June 6, 1977. This is a misstatement of the record. There is no evidence that Ms. Fishman was ill on that day or that she had any reason for not doing the work other than that she had other things to do.

Ms. Fishman next says that it was error for the referee and the Board of Review to determine that she was ineligible for reasons other than that found by the Bureau of Employment Security. In *Rosenberger v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977), we held that if the Bureau's notice of determination indicated what actions of the claimant resulted in her disqualification, a mistaken reference to the statutory basis for disqualification did no harm to the claimant and did not therefore interfere with her right to a fair hearing. Although incorrectly referring to voluntary quit, the Bureau's notice here gave as the reason for Ms. Fishman's disqualification the fact that she had failed to carry out a duty of her employment. The referee's lengthy hearing was entirely concerned with the events of early June 1977 relating to Ms. Fishman's failure to take the inventory which it was her duty to do.

Ms. Fishman's other contentions concerning the conduct of the hearing are without merit. The referee gave great latitude to all present at the hearing, including Ms. Fishman's vigorous trial counsel.

Order affirmed.

### ORDER

AND Now, this 12th day of March, 1979, the decision of the Unemployment Compensation Board of Review entered October 14, 1977 is affirmed.