## Weiss v. Scranton School District

A. *Martin Herring*, for plaintiff.
*Edwin A. Abrahamsen*, for defendant.

WALSH, *J.,* July 31, 1986—This matter is before the court by way of a motion for summary judgment filed on behalf of plaintiff, Carol Weiss.

The record indicates that plaintiff was employed as a professional employee of defendant, Scranton School District. Plaintiff's employment with defendant commenced during the 1974-75 school year. At that time she was employed in the capacity as a temporary professional employee. During the 1975-1976 school year, plaintiff was employed with the district as a day-to-day substitute teacher on a per diem basis. Thereafter, in the 1976-1977 and 1977-1978 school years she was employed as a permanent substitute teacher with the district. For the 1978-1979 school year, plaintiff continued her teaching career with defendant and was assigned to teach at the East Scranton Intermediate School. Plaintiff maintained that position through the 1984-1985 school year. On April 9, 1985, plaintiff requested a sabbatical leave. That request was denied

on the grounds that she had not met the required 10-year period of service to qualify for a sabbatical leave, pursuant to the Public School Code, 24 P.S. §11-1166. Subsequently, on August 19, 1985, plaintiff filed a petition for declaratory judgment in which she sought a determination of whether or not she was entitled to a sabbatical leave under the Public School Code. On March 14, 1986, plaintiff filed the present summary judgment motion.

Under Rule 1035 (b), a court is directed to enter summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Pennsylvania Gas & Water Co. v. Nenna and Frain Inc.*, 320 Pa. Super. 291, 467 A.2d 330 (1983). The Superior Court of this commonwealth aptly summarized the intent of Rule 1035 in the case of *Ritamanich v. Jonnel Enterprises Inc.*, 219 Pa. Super. 198, 280 A.2d 570 (1971). There the court stated:

". . . [W]e are to accept as true all well pleaded facts in the nonmoving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and in passing upon a motion for summary judgment, it is not part of our function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment."

Accordingly, summary judgment may be granted only in the clearest case where there is not the least doubt as to the absence of a triable issue of material

fact. *Frazier v. Com. State Retirement Bd.*, 17 Pa. Commw. 243, 331 A.2d 596 (1975). Moreover, the burden is on the moving party to show that no genuine issue of material fact exists. *Dippold v., Amherst Insurance Co.*, 290 Pa. Super. 206, 434 A.2d 203 (1981).

In determining the guidelines applicable to our disposition of the matter presently before us, we turn first to the section of the Public School Code (24 P.S. §11-1166), which governs the situation and provides:

"(a) Any person employed in the public school system of this commonwealth, who has completed ten (10) years of satisfactory service as a professional employee or a member of the . . . instructional . . . staff . . . or any part of the public school system of the commonwealth, shall be entitled to a leave of absence for restoration of health, study or travel . . . At least five (5) consecutive years of such service shall have been in the school district from which leave of absence is sought."

Therefore, in order to find that plaintiff is entitled to a sabbatical leave, our task is to determine whether plaintiff had indeed been employed with defendant for 10 years as a professional employee or a member of the instructional staff.

Section 1101 of the code, which defines the term "professional employee," states:

"The term 'professional employee' shall include those who are certificated as teachers, supervisors, supervising principals, principals." 24 P.S. §11-1101 (1). The same section states that the term "substitute" is to include the following:

". . . any individual who has been employed to perform the duties of a regular professional employee during such period of time as the regular professional employee is absent on sabbatical leave or for

other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employee who is absent." 24 P.S. §11-1101 (2). Section 1141 defines a "teacher" in the following manner:

"(1) Teacher shall include all professional employees and temporary professional employees who devote 50 per centum (50) of their time or more, to teaching or other direct educational activities, such as classroom teachers, demonstration teachers." 24 P.S. §11-1141.

With the above principles in mind, we now turn to the factual background herein.

Initially, it should be noted that there are no factual disputes in this case. Moreover, there is no question that plaintiff was a tenured teacher or a professional employee of defendant for eight years. She also was employed with defendant as a long-term substitute for a two-year period. It is that two-year period, as a long-term substitute, which is the source of controversy among the parties. As such, we must decide whether or not the two-year period plaintiff worked as a long-term substitute can be considered service as a professional employee. We believe it does.

The Pennsylvania Supreme Court, in the case of *Brentwood Borough School District Appeal*, 439 Pa. 256, 267 A.2d 848 (1970) held:

"In construing sections 1101 and 1141 together, an individual is a teacher for purposes of section 1141, if he holds the necessary certificate and devotes at least half his time teaching or direct educational activities, and he is a professional employee under section 1101, if he is a teacher under section 1141."

It has also been held that a substitute teacher who works everyday is not a substitute as defined by

section 1101 of the Public School Code, but is, in fact, a full time professional employee. See *Richland Educational Association v. Richland School District*, 53 Pa. Commw. 367, 418 A.2d 787 (1980).

In light of the above cited case law, we are of the opinion that plaintiff was a professional employee during the two years she worked as a long-term substitute since she was a duly certified teacher who was employed on a full-time basis. As such, plaintiff has completed 10 years of satisfactory service with defendant, and, as a result, met the requirements set forth in section 1166 for a sabbatical leave. Once it is determined that the requirements of section 1166 are met, the granting of a sabbatical leave is mandatory. *Bristol Township School District v. Karafin*, 508 Pa. 409, 498 A.2d 824 (1985).

Accordingly, plaintiff's motion for summary judgment is granted.

### ORDER

Now, this July 31, 1986, for the reasons set forth in the foregoing opinion, it is hereby ordered and decreed that plaintiff's motion for summary judgment be granted.