560 A.2d 848

**Ruth C. FINNEGAN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1989.

Decided June 14, 1989.

Petition for Allowance of Appeal Granted March 27, 1990.

Lynne L. Wilson, Harrisburg, for petitioner.

Abbott A. Leban, Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Ruth Finnegan appeals from a decision of the Public School Employes' Retirement Board (board) that refused to adopt a hearing officer's recommendation to permit Ms.

Finnegan to purchase additional years of credit she sought in order to qualify for early retirement. We affirm.

The factual findings relied upon by the board in making its determination are summarized as follows: The Derry Township School District hired Ruth Finnegan as a public school teacher in January 1968. In November 1984, she received information about an "early retirement window" available to Public School Employes' Retirement System (PSERS) members with thirty or more years of credited service. That early retirement provision would permit any member 53 years of age or older with at least thirty years of credited service to retire without a reduction in pension benefits. After reviewing her system handbook, Finnegan concluded that she could indeed purchase fifteen years of credited service. The relevant portion of the handbook stated:

> You may, under certain conditions, receive credit for school service outside the Commonwealth of Pennsylvania including service as an administrator, teacher or instructor in the field of education for an agency of the United States government. Such service cannot exceed 12 years or the number of years of credited service in Pennsylvania at the time application is submitted.

Based on this section, Finnegan spoke with Lewis Lore, a PSERS field representative, about purchasing nine years of out-of-state teaching service and six years of government service so that she could retire on July 1, 1985. Lore advised Ms. Finnegan that she was eligible to purchase fifteen years of out-of-state teaching service and government service in order to qualify for the early retirement window. Ms. Finnegan also spoke with a Mr. William Warrick, who helped verify the amount of credit needed, but Mr. Warrick, at that time, did not know that the claimant's total service credits acquired through purchase could not exceed twelve years.

Finnegan submitted her application to the system in April 1985, and on July 1, 1985, she retired with the belief that she would have a total of thirty years of service with the

inclusion of the fifteen years she intended to purchase. After a review of Ms. Finnegan's billing for the purchase of the final six years of service, Mr. Lore advised Finnegan that she could purchase only a total of twelve years. As a result, Finnegan could not qualify for the early retirement window and PSERS reduced her monthly annuity payment from $1,200 to $800.

After an administrative hearing, the hearing examiner concluded:

3. Although the Retirement Code restricts the purchase of creditable non-school service to a maximum of 12 years, PSERS can be estopped from imposing that limitation where a member detrimentally relies on agency representations that she could purchase 15 years.

The examiner recommended that Ms. Finnegan be permitted to purchase the additional years of credit so that she could qualify for early retirement. The PSERS filed exceptions to that decision, and on July 25, 1988, the board issued an adjudication rejecting the hearing examiner's recommendation and concluded:

The 12–year limitation on the purchase of out-of-state and U.S. Government service under § 8304(c) of The Public School Employes' Retirement Code falls within the 'positive law' exception to the applicability of equitable estoppel against the Commonwealth, and the mistaken utterances or omissions of board employees in this case do not estop the Board from upholding the System's limiting Claimant's purchase of such service to the 12–year statutory maximum.

The sole issue for our review is the inquiry left open in *Card v. Pennsylvania School Employes' Retirement Board*, 83 Pa.Commonwealth Ct. 602, 478 A.2d 510 (1984). *Card* stopped short of deciding whether the doctrine of equitable estoppel can apply in a situation where the proponent of the estoppel fails to satisfy the statutory requirement for the intended benefit sought. Here, Ms. Finnegan seeks the benefit of early retirement on the basis of an

estoppel, although section 8304(c) of the Code [1] prohibits her purchase of more than twelve years.

On appeal from a final adjudication of an administrative board, our scope of review is limited to a determination of whether the board committed an error of law, whether Ms. Finnegan's constitutional rights were violated, or whether necessary factual findings are supported by the substantial record evidence. *Nelson v. Department of Public Welfare*, 103 Pa.Commonwealth Ct. 21, 519 A.2d 1062 (1986).

Here, Ms. Finnegan seeks the benefit of the early retirement window that, by statute, requires thirty years of credited service, which requirement Ms. Finnegan presently does not satisfy. Only if permitted to purchase all fifteen years of non-Pennsylvania school service under section 8304(c) of the Code, can Ms. Finnegan satisfy the requirement.

■ The essential elements of estoppel are: an inducement of a party to believe that certain facts exist, an act of justifiable reliance upon that belief and a detriment to the actor. *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (1983).

■ Our review of the record and testimony indicates that all factual requisites for a showing of estoppel have been met by Ms. Finnegan. She received a flyer detailing an early retirement window for which she believed she qualified. On the basis of numerous conversations with system employees, she was led to believe that she could purchase the additional retirement years needed. Ms. Fin-

---

1. Section 8304(c) of the Public School Employees' Retirement Code, 24 Pa.C.S. § 8304(c) states:

 **Limitations on years of credit.**—Service listed in subsection (b)(3) and (4) must have been for a period of at least one school year and credit for such service shall be limited to the lesser of 12 years or the number of years of school service credited in the system. In no case shall the total credit for non-school service other than that listed in subsection (b)(5) exceed the number of years of school service credited in the system, plus, in the case of a multiple service member, any additional years of State service credited in the State Employees' Retirement System.

negan prematurely retired from the school district, under a full belief that her retirement benefits were protected and intact. Furthermore, the board's Finding No. 8 is not supported by the record evidence. That finding states:

The board further finds that claimant's initial mistaken belief that she might be able to purchase fifteen years of credit was due not to the literal language of the handbook but to her own somewhat inventive interpretation of it. . . .

PSERS personnel had bolstered and confirmed repeatedly this so-called "inventive interpretation". As a result, Ms. Finnegan received incorrect information at the time she made her retirement decision. She specifically inquired as to whether or not she could purchase fifteen years of out-of-state teaching service and government service in order to qualify for early retirement and relied on the mistaken information supplied by PSERS to her detriment.

 However, under Pennsylvania law, although the doctrine of equitable estoppel is applicable to governmental agencies, there are limited situations in which estoppel cannot be invoked against the Commonwealth or its instrumentalities and subdivisions. *Ervin v. City of Pittsburgh*, 339 Pa. 241, 14 A.2d 297 (1940). More specifically, the government cannot be subject to the acts of its agents and employees if those acts are outside the agent's powers, in violation of positive law, or acts that require legislative or executive action. *Ervin.*

In *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board*, 31 Pa.Commonwealth Ct. 151, 156, 375 A.2d 863, 865 (1977), *aff'd* 484 Pa. 313, 399 A.2d 93 (1979), plaintiff's union and four individual part-time employees filed a class action seeking a declaratory judgment to invalidate certain provisions of the State Employees' Retirement Code, and sought a writ of mandamus to compel the defendants to recompute retirement credits for part-time employees. Count three of the complaint alleged that, from the inception of the State Employees' Retirement Fund through 1969, board employ-

ees had represented to Commonwealth employees that retirement credits would be earned at the rate of one year for each twelve-month period in which they received an annual salary. Accordingly, the plaintiffs asserted that the board was now estopped from refusing to calculate the credits in that manner.

In deciding that estoppel could not run against the board, Judge Wilkinson's opinion stated for the court:

It is well established that the Commonwealth is acting in a governmental capacity, it cannot be estopped by actions of its officials, employees or agents. Writing for a unanimous court in *Commonwealth v. Western Maryland Railway Co.*, 377 Pa. 312, 105 A.2d 336, cert. denied, 348 U.S. 857 [75 S.Ct. 82, 99 L.Ed. 675] (1954), Chief Justice Stern stated:

It is a fundamental legal principle that a State or sovereignty cannot be estopped by any acts or conduct of its officers or agents in the performance of a governmental as distinguished from a proprietary function. *Id.*, 377 Pa. at 320, 105 A.2d at 340–41.

*Accord, Commonwealth v. Rohm and Haas Co.*, 28 Pa.Commonwealth Ct. 430, 368 A.2d 909 (1977).

Plaintiffs contend that a further record is necessary to determine whether the board's activity is governmental or proprietary. We disagree. The board's function, the future compensation of state employees, is not even arguably proprietary in nature.

*Id.*, 31 Pa.Commonwealth Ct. at 156, 375 A.2d at 865.

Regrettably, *Pennsylvania Association of State Mental Hospital Physicians* clearly requires this court to hold, as a matter of law, that the board cannot be estopped from asserting a statutory provision. To decide otherwise would be tantamount to giving employee errors the effect of amending the substance of a statute.

Accordingly, we affirm the determination of the board and hold that Ms. Finnegan is not entitled to purchase the additional years of school service credit.

## ORDER

NOW, June 14, 1989, the decision of the Pennsylvania State Employes' Retirement Board, dated July 25, 1988, is affirmed.