595 A.2d 753

**Lora S. LAWRIE, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD OF THE COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided July 22, 1991.

See also 141 Pa.Cmwlth. 363, 595 A.2d 752.

Thomas F. Lawrie, Jr., Media, for petitioner.

Irene Mary Chiavaroli, Asst. Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by Lora S. Lawrie (Petitioner) from an order of the Public School Employees' Retirement Board (Board) dismissing her request for interest on the sum of $2,280.90 to be computed from July 1, 1976. That sum is the amount of accumulated contributions by Petitioner which existed in her retirement account.

The pertinent facts as found by the Board are undisputed. Petitioner had been a member of the Public School Employees' Retirement System (System) from August 1972 when she began teaching with the North Penn School District (North Penn) until June 30, 1976, when she terminated her employment. As of that date the balance in her account was $2,280.90.[1] When Petitioner became a member of the System under her maiden name of Shingler she listed her address as 232 Park Lane, Chalfont, Pennsylvania. She later moved and received correspondence at 26 Park Avenue in Chalfont. On June 30, 1976, Petitioner terminated her employment with North Penn, married, and moved to Media, Pennsylvania. Petitioner testified that she was unsure

---

1. The total of $2,280.90 consisted of Petitioner's own deductions from her pay of $1,980.01 contributed over the four-year period plus accrued interest of $300.89 reflecting the accumulation of statutory interest at the rate of 4% per annum on those contributions. On October 20, 1989 Petitioner was issued a check by the System for the sum of $2,280.90 but she reserved her right to pursue any additional interest thereon.

whether at that time she had notified North Penn of her change of address. She definitely did not notify the System. Three months later she again moved to another location in Media which is her present address.

Because Petitioner intended to return to teaching in the future she did not withdraw her accumulated contributions from her account. It is undisputed that, at the time she terminated her employment, she did not receive any information, written or oral, from either North Penn or the System about her retirement rights, benefits, or options. She assumed, however, that her account was continuing to accrue interest.

In February 1988, Petitioner wrote to the System to inquire as to the status of her account. In responding to that inquiry the System informed Petitioner that her account had not been receiving interest.[2] Thereafter, Petitioner filed an appeal and was denied relief by the Appeals Committee of the System. She further appealed to the Board which, after a due process hearing, also denied her relief. Appeal to this Court ensued.

On appeal here Petitioner contends that she is entitled to interest on her accumulated deductions or, in the alternative, delay damages because the Board, in contravention of its statutory duties, did not advise her of her options.

We begin our consideration of this issue by noting and applying certain statutory definitions.[3] When Petitioner began her employment she was an "active member" in

---

**2.** Actually, the March 4, 1988 letter from the System indicated that Petitioner's account *would* be credited with two years interest for the period between June 30, 1976 and July 1, 1978. This was legal error as the opinion shall demonstrate and no such credit was in fact given.

**3.** We do note that since Petitioner became a member of the System in 1972, there have been statutory amendments to the Public School Employees' Retirement Code, 24 Pa.C.S. §§ 8101–8534 (Current Code), which was originally enacted into law on October 2, 1975 and reenacted in 1984 pursuant to the Act of December 19, 1984, P.L. 1191. The Board and Petitioner have both applied the law as it existed when Petitioner *terminated* her employment in 1976. Since this body of law was the basis for the decision and the arguments, we have analyzed Petitioner's rights under it referring to it as the "1975 version" of the Code. It is, however, this Court's view that if there is a

the System. That term was then defined as "[a] school employee who is contributing to the fund or for whom authorized contributions are being made to the fund," 24 Pa.C.S. § 8102 (1975 version). Her status as an active member ceased on the "date of termination of service," such term being then defined as:

> The last date of service for which a member makes contributions or, in the case of an inactive member, the effective date of his resignation or the date his employment is formally discontinued by his employer or two years following the last day of service for which he made contributions, *whichever is earliest.*

24 Pa.C.S. § 8102 (1975 version) (emphasis added). It is because of the emphasized language that the two-year

possibility that Petitioner would receive more favorable treatment under the Code as it existed when she *joined* the System, it is the law on that date that must control. *See White v. State Employes' Retirement System*, 129 Pa. Commonwealth Ct. 335, 565 A.2d 839 (1989) (relying on *Catania v. State Employees' Retirement Board*, 498 Pa. 684, 450 A.2d 1342 (1982)). Therefore, we have also examined Petitioner's right to interest under the Law as it existed when she *joined* the System. That law was the Public School Employes' Retirement Code of 1959 (1959 Code), Act of June 1, 1959, P.L. 350, *formerly* 24 P.S. §§ 3101–3808 *repealed by* Section 2 of the Current Code. Of particular relevance are Section 102(9), *formerly* 24 P.S. § 3102(9), defining "contributor," and Section 402(1), *formerly,* 24 P.S. § 3402, directing that when a contributor resigns "the membership of a contributor in the retirement system shall thereupon cease and he shall be paid *on demand* from the fund: *The full amount of the accumulated deductions* standing to his individual credit in the employes' annuity savings account *as of the date of such separation* from school service...." (Emphasis added.) Further, we recognize that the 1959 Code, did not repeal in its entirety the prior Code, that being the Act of July 18, 1917, P.L. 1043, *as amended,* (1917 Code), *formerly* 24 P.S. §§ 2081–2141. The 1959 Code's repealer provision does indicate, however, that all acts and parts of acts are repealed insofar as they are inconsistent with the 1959 Code. Section 807 of the 1959 Code, *formerly* 24 P.S. § 3807. Reference to Section 12 of the 1917 Code, *formerly* 24 P.S. § 2125, reveals that it is inconsistent with Section 402(1) of the 1959 Code because it allows the contributor the choice of being paid on demand accumulated deductions standing to his credit as of his date of separation *or* "an annuity or a deferred annuity, which shall be the actuarial equivalent of said accumulation deductions." Even if the 1917 Code were not inconsistent with the 1959 Code, however, it also does not authorize interest on "deductions" (contributions) in the factual scenario present here.

credit referenced in n. 2, *supra,* was in error. Upon termination, Petitioner then became an "inactive member" which was defined as "[a] member who is not making regular member contributions, who has accumulated deductions standing to his credit in the fund and who has contributed to the fund within the last two school years or a multiple service member who is active in the State Employees' Retirement System." *Id.* When the definition of inactive member is examined it is apparent that as of July 1, 1978 (two years after Petitioner's termination date), Petitioner's status was that of a *non*member of the System, because as of that date she would not have contributed to the fund "within the last two school years." [4]

■ During the time period in question the Board was required to credit a member's contributions with statutory interest "until the date of termination of service." Specifically, Section 8502(m) of the Code, 24 Pa.C.S. § 8502(m), (1975 version) provided:

Member contributions and interest.—The board shall cause each member's contributions, including payroll deductions and all other payments, to be credited to the account of such member and shall pay all such amounts into the fund. *Such contributions shall be credited with statutory interest until date of termination of service,* except in the case of a vestee, who shall have such interest credited until the effective date of retirement or until the return of his accumulated deductions, if he so elects; and in the case of a multiple service member who shall have such interest credited until termination of service in both the school and the State systems. (Emphasis added.)

**4.** "Member" is defined as "[a]ctive member, inactive member, annuitant, or vestee." 24 Pa.C.S. § 8102 (1975 version). It is not even contended that Petitioner fits in either of the last two categories, nor does she assert that she is a multiple service member. "Multiple service" is defined as "[c]redited service of a member who has elected to combine his credited service in both the Public School Employees' Retirement System and the State Employees' Retirement System." *Id.*

Despite this clear statutory language, Petitioner espouses alternative theories under which she asserts an entitlement to interest.

■ She asserts first that she is entitled to "valuation interest" under Section 8524 of the Code, 24 Pa.C.S. § 8524, (1975 version) which provides:

> The State accumulation account shall be the ledger account to which shall be credited all contributions of the Commonwealth and other employers as well as the earnings of the fund. Valuation interest shall be allowed on the total amount of such account less any earnings of the fund credited during the year. The reserves necessary for the payment of annuities and death benefits as approved by the board and as provided in Chapter 83 (relating to membership, contributions and benefits) shall be transferred from the State accumulation account to the annuity reserve account. At the end of each year the required interest shall be transferred from the State accumulation account to the credit of the members' savings account and the annuity reserve account. The administrative expenses of the board shall be charged to the State accumulation account.

"Valuation interest" is defined in Section 8102 of the Code, 24 Pa.C.S. § 8102 (1975 version) as "[i]nterest at five and one-half percent per annum, compounded annually and applied to all accounts other than the members' savings account."

There are two reasons why Petitioner's theory that she is entitled to valuation interest must fail. First, there is nothing to show that Petitioner's member account was ever transferred to the State accumulation account nor would such transfer be authorized. *See* Section 8523(b) of the Code, 24 Pa.C.S. § 8523(b) (1975 version). Second, valuation interest is used for determining employer liabilities and contribution rates and is inapplicable to the situation here.

■ Alternatively, Petitioner suggests that she is entitled to the legal rate of interest pursuant to Section 202 of the

Act of January 30, 1974, P.L. 13, 41 P.S. § 202. Application of that legal rate, however, requires as a precondition a statutory or contractual obligation to pay a sum of money with an unspecified interest rate. The "contract" here, *i.e.*, the Code, nowhere mentions an obligation to pay a sum "with interest" without specifying a rate. Thus, this provision is also inapplicable.

■ Finally, Petitioner suggests that the Board has breached its statutory duty to advise her of her options and, hence, that she is entitled to relief under *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984), which case recognizes the right to interest in the form of delay damages if a sum has been wrongfully withheld.

Under Section 8506 of the Code, 24 Pa.C.S. § 8506(i) (1975 version):

> The employer shall, in the case of any member terminating school service, advise such member in writing of any benefits to which he may be entitled under the provisions of this part and shall have the member prepare, on or before the date of termination of school service, one of the following three forms, a copy of which shall be given to the member and the original of which shall be filed with the board:
>
> > (1) An application for the return of accumulated deductions....[5]

It is undisputed that North Penn, the employer, failed to comply with this statutory mandate. Where that occurs, Section 8502(g) of the Code, 24 Pa.C.S. § 8502(g), (1975 version) provides:

> In the event the employer fails to comply with the procedures as mandated in section 8506 (relating to duties of employers), the board shall perform such duties and bill the employer who shall pay for the cost of same....

---

5. It is uncontested that the other forms mentioned in Section 8506(i) are inapplicable to this case.

As was previously noted, neither North Penn nor the System advised Petitioner of her options when she terminated her employment.

In order for Petitioner to recover under *Cianfrani*, however, she must first demonstrate that the Board wrongfully withheld money. We have already concluded that the Board was not statutorily obligated to pay interest on the accrued deductions. Thus, no wrongful withholding occurred. And, when on September 8, 1989, Petitioner, by letter, requested the return of those deductions, the Board promptly complied issuing her a check on October 20, 1989. Therefore, Petitioner is not entitled to relief on this theory.

It has not escaped our attention, nor did it escape the Board's, that the mandates of Sections 8506 and 8502(g) have not been complied with. The fact that Petitioner may not have diligently inquired as to her rights or filled out appropriate paperwork is no answer to the Board's failure to perform its statutory duties. And while the breakdown of communication in this case is unfortunate, it is a situation where the law has provided no remedy. *Cianfrani* is clear that absent specific authority the Commonwealth incurs no obligation to pay interest. And, the Board's failure here was not the failure to pay interest, but to advise Petitioner that no interest would be paid.

Recently, we held in *Finnegan v. Public School Employes' Retirement Board*, 126 Pa. Commonwealth Ct. 584, 560 A.2d 848 (1989), *affirmed per curiam*, 527 Pa. 362, 591 A.2d 1053, (1991), that where a retirement system employee gives a member misinformation, which misinformation is contrary to the positive law appearing in a statute, there can be no recovery. The facts in this case are less egregious than in *Finnegan* because here the problem was not misinformation, but rather no information. Accordingly, we fail to see any basis for granting relief here while denying it in *Finnegan*.

Affirmed.

## ORDER

NOW, July 22, 1991, the order of the Public School Employees' Retirement Board in the above-captioned matter is hereby affirmed.