595 A.2d 752

**Lora S. LAWRIE, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD OF the COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided July 22, 1991.

Thomas F. Lawrie, Jr., Media, for petitioner.

Irene Mary Chiavaroli, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before us for disposition in our original jurisdiction are preliminary objections to a petition for review in the nature of a class action complaint. The same underlying facts are also the subject of litigation which is before us in our appellate jurisdiction at *Lawrie v. Public School Employees' Retirement Board of the Commonwealth of Pennsylvania,* 141 Pa. Commonwealth Ct. 366, 595 A.2d 753 (1991).

In her petition for review, Lora S. Lawrie (Petitioner) avers that she had been employed as a teacher for the North Penn School District (North Penn) from August, 1972 through June, 1976 at which time she resigned her position. During her four years with North Penn, Petitioner was a member of the Public School Employees' Retirement System (System). As of the date of her resignation, her accumulated contributions in the System account totaled $1,980.01. As of that date, however, her contributions stopped accruing interest, a fact she did not become aware of until a date sometime around October of 1989, although a date was not specifically pled by Petitioner. She also pled that when she resigned neither North Penn nor the System advised her of her rights and options under the applicable retirement code. She seeks to represent both herself and others similarly situated, *i.e.,* others (1) who have funded accounts with the System, (2) who terminated their employment with the System, (3) who have not received interest on accumulated deductions since their date of termination of service, and (4) who were not notified at the time of their termination of service of their rights and benefits under the applicable retirement code.

The case alluded to above, which is before us in our appellate jurisdiction, is Petitioner's appeal as an individual from a decision by the Public School Employees' Retirement Board (Board) from an order denying her the interest she seeks.

The Board has filed preliminary objections in this original jurisdiction case on the basis of (1) failure to exhaust administrative remedies with the Board, (2) pendency of

prior action, and (3) failure to state a cause of action.[1] When ruling on preliminary objections a court is limited to a review of the allegations set forth in the challenged pleading. *Bradford County Citizens in Action v. Board of Commissioners of Bradford County*, 64 Pa.Commonwealth Ct. 349, 439 A.2d 1346 (1982).

We held in the appellate case that Petitioner had no right to relief as a matter of law. The statutes upon which she relies here as a basis for relief are the same as those in the appellate jurisdiction matter. Hence, the outcome must also be the same. We, therefore, must conclude that Petitioner has not stated a cause of action and, hence, the Board's demurrer must be sustained. *See Smolow v. Department of State*, 131 Pa.Commonwealth Ct. 276, 570 A.2d 112 (1990), *aff'd per curiam*, 527 Pa. 371, 592 A.2d 40 (1991).

## ORDER

NOW, July 22, 1991, the Board's preliminary objection relating to failure to state a cause of action is hereby sustained and the petition for review in the nature of a class action complaint in the above-captioned matter is hereby dismissed with prejudice.

---

1. The Board also filed an answer and new matter to which Petitioner then replied. We are at a loss to understand why these additional pleadings were filed since the preliminary objections had not yet been disposed of.