638 A.2d 502

**Jean M. IMDORF, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided March 8, 1994.

Charles L. Herring, for petitioner.

Letitia Dyer, for respondent.

Before McGINLEY and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Jean M. Imdorf (Imdorf) petitions for review of the June 24, 1993 order of the Public School Employes' Retirement Board (Board) dismissing her appeal of the increase in her retirement contribution rate from 5.25% to 6.25% of her salary and ordering that she continue to make contributions at the rate of 6.25%. We affirm.

On July 22, 1983, Governor Thornburgh signed into law Section 2 of Act 31 of 1983, an amendment to Section 8102 of the Public School Employes' Retirement Code (Code) [1] which raised the basic retirement contribution rate for Public School Employes' Retirement System (PSERS) members from 5.25% to 6.25%. Employees who were members prior to July 22, 1983 and continued as members thereafter, however, remain subject to the 5.25% contribution rate. *Pennsylvania Federation of Teachers v. School District of Philadelphia*, 506 Pa. 196, 484 A.2d 751 (1984).

This case presents the issue of whether the Board erred in determining that a person who initially became a member of PSERS prior to the effective date of the Act 31

1. 24 Pa.C.S. § 8102.

amendment to the Code, but who was on a four-year leave of absence and did not make contributions during that time, was required at the end of the leave of absence to make retirement contributions at the higher rate of 6.25% because her membership with PSERS had been terminated. Our scope of review here is limited to determining whether the Board committed an error of law, whether the aggrieved party's constitutional rights were violated, or whether the findings of fact are supported by substantial evidence. *Laurito v. Public School Employes' Retirement Board,* 146 Pa.Commonwealth Ct. 514, 606 A.2d 609 (1992).

## FACTS

On September 5, 1973, Imdorf became a member of PSERS by virtue of her employment as a school teacher with Riverdale School District. Her contribution rate to PSERS was the statutorily mandated 5.25%.

Imdorf began an unpaid leave of absence in September 1981, which continued until September 1985. No pickup contributions were made to PSERS on her behalf during her unpaid leave of absence. Finding of Fact No. 2.

On September 4, 1985, Imdorf re-enrolled in the PSERS by virtue of her return to employment with the school district. Finding of Fact No. 5. On January 24, 1989, Imdorf wrote to PSERS regarding the increase in her contribution rate from 5.25% (the rate before her unpaid leave of absence) to 6.25% (the rate after her unpaid leave of absence). On March 13, 1989, PSERS informed her that the increased rate of 6.25% was correct due to the interaction of a statutory amendment to the Code and her termination of membership in PSERS. (R.R. 27.)

On May 25, 1989, Imdorf requested a review of the increase in her "basic contribution rate." On February 2, 1990, PSERS advised her that the Appeals Committee had denied her request to reduce the 6.25% rate.

On February 12, 1990, she requested an administrative hearing regarding her claim. The Hearing Examiner held a

hearing on February 27, 1991 and recommended that the Board find that Imdorf's contribution rate remain at 6.25%. Imdorf filed exceptions to the Hearing Examiner's decision.

The Chairman of the Public School Employes' Retirement Board, Bernard J. Freitag, concluded that her original membership, which commenced in 1973, ceased in September 1983 when she ceased being an "inactive member" of PSERS. Further, the Chairman, citing *Pennsylvania Federation of Teachers v. School District of Philadelphia*, 506 Pa. 196, 484 A.2d 751 (1984), concluded that "[t]hose who become 'members' of PSERS after July 22, 1983, the effective date of Act 31, must contribute at a rate of 6.25%." Conclusion of Law No. 2. Finally, he concluded that, "[o]n September 4, 1985, upon her re-enrollment in PSERS, [Imdorf] became a 'member' of PSERS subject to new contractual terms and, therefore, she must contribute at a rate of 6.25%." Conclusion of Law No. 3.

Accordingly, Chairman Freitag dismissed Imdorf's appeal of the increase in her contribution rate and ordered that her contribution rate continue at 6.25%. Imdorf appealed his determination to our Court.

## DISCUSSION

In order to determine the propriety of the 6.25% rate as applied to Imdorf, we must review her status over time with PSERS. A PSERS member is defined as an "[a]ctive member, inactive member, annuitant, or vestee." 24 Pa.C.S. § 8102. Because Imdorf made no contributions from September 1981 to September 1983, she was an "inactive member" during that time period. An "inactive member" is defined as follows:

A member for whom no pickup contributions are being made, who has accumulated deductions standing to his credit in the fund and for *whom contributions have been made within the last two school years* or a multiple service

member who is active in the State Employees' Retirement System.

24 Pa.C.S. § 8102 (Emphasis added).

Imdorf made no contributions from September 1983 to September 1985, which constitute "the last two school years" in her case. Thus, she was a "nonmember" during that period until her September 4, 1985 re-enrollment in PSERS when she once again achieved member status.

In *Lawrie v. Public School Employes' Retirement Board*, 141 Pa.Commonwealth Ct. 366, 595 A.2d 753 (1991), we held that once an inactive member fails to make regular member contributions to the fund, has accumulated deductions standing to his or her credit in the fund and has not contributed to the fund in the last two school years, he or she becomes a nonmember of the system. It is irrelevant that Imdorf returned to PSERS because, by law, she had terminated her membership. We find *Lawrie* to be indistinguishable from the case before us for disposition.

Section 8102 of the Code defines "Date of Termination" as follows:

The last date of service for which pickup contributions are made for an active member or, in the case of an inactive member, the effective date of [her] resignation or the date [her] employment is formally discontinued by [her] employer *or two years following the last day of service for which contributions were made, whichever is earliest.*

24 Pa.C.S. § 8102 (Emphasis added).

It is undisputed that Imdorf made no contributions from September 1981 to August 1985. Imdorf's case falls under the last alternative of when an inactive member's date of termination occurs, which is two years following the last day of service for which contributions were made. Thus, subsequent to August 1985, she was not a member of PSERS in any form, despite any agreement on the school's part that she would one day return to service. That simply is not relevant to a determination of her date of termination.

Unable to distinguish the clear holding of *Lawrie,* Imdorf argues that she should be treated like a member hired prior to July 22, 1983 with no break of service because she falls under one of the exceptions to Act 31, set forth in PSERS' Reference Manual. That exception provides as follows:

–A member who is furloughed or on a leave of absence is permitted to return to service within a two-year period and maintain the previous rate of contribution.

(R.R. 41.)

Initially, we note that "an employee handbook issued by a Commonwealth agency . . . is not a legislative action . . . and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided." *Bernstein v. Commonwealth of Pennsylvania,* 151 Pa.Commonwealth Ct. 401, 410, 617 A.2d 55, 60 (1992), *aff'd without opinion,* 535 Pa. 281, 634 A.2d 1113 (1993) (quoting *Pivarnik v. Department of Transportation,* 82 Pa.Commonwealth Ct. 42, 45–46, 474 A.2d 732, 734 (1984)). Here, the General Assembly did not provide that the Reference Manual was to constitute a contract.

In *Bernstein,* we also noted that our Superior Court in *Martin v. Capital Cities Media,* 354 Pa.Superior Ct. 199, 511 A.2d 830 (1986), held that the terms in an employee handbook are binding only when either the handbook itself or the employer's representation of it clearly indicate that the handbook is to have a binding effect. Here, there was no such evidence presented in that regard. Thus, we conclude that the exception in the Reference Manual is nonbinding on PSERS.

Notwithstanding the nonbinding nature of the Reference Manual, Imdorf misinterpreted the above-quoted exception in any event. It appears that the exception was most likely an attempt on the part of PSERS to explain in layman's terms the definition and impact of "inactive member" and "date of termination." As we noted above, a member is defined as an "[a]ctive member, inactive member, annuitant, or vestee." 24 Pa.C.S. § 8102. The General Assembly chose two years as a

reasonable period of time to measure when an "inactive member" becomes a nonmember and when a date of termination of service as a pension participant occurs. Thus, although PSERS could have been more explicit in its Reference Manual,[2] Imdorf was not a member on a leave of absence who would be permitted to return to service and retain the 5.25% contribution rate. By definition, she became a nonmember after "two years following the last day of service for which contributions were made."

Although Imdorf concedes that she was on a four-year leave of absence, she argues that two of those years should not be counted because they pre-date the legislative amendment to the Code. She contends that Act 31 should be applied prospectively only and that by counting all four of her years of leave, the Board erroneously applied the amendment retroactively. Thus, according to Imdorf, the above-quoted exception found in the Reference Manual should be applied in her case. We disagree.

■■■■ A retroactive law is defined as one that "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 54 Pa.Commonwealth Ct. 376, 380, 421 A.2d 521, 523 (1980). Further, "a statute does not operate retrospectively merely because some of the facts or conditions on which its operation depends came into existence before the effective date." *Popowsky v. Pennsylvania Public Utility Commission*, 150 Pa.Commonwealth Ct. 166, 177, 615 A.2d 857, 863 (1992) (citing *Gehris v. Department of Transportation*, 471 Pa. 210, 369 A.2d 1271 (1977)).

2. In *Finnegan v. Public School Employes' Retirement Board*, 126 Pa.Commonwealth Ct. 584, 560 A.2d 848 (1989), *aff'd without opinion*, 527 Pa. 362, 591 A.2d 1053 (1991), we held that, where a PSERS employee misinformed a member contrary to positive law in a statute, the member could not recover. Although the Reference Manual here could have been clearer, the information in the exception did not constitute actual misinformation.

■ Here, the previous transaction was Imdorf commencing her four-year leave of absence in September 1981. At that time, the 5.25% rate of contribution was in effect. In 1983, the rate changed. The amendment raising the rate, however, does not give her September 1981 leave a different legal effect than it would have had in 1981; separate and apart from the change in contribution rate, her membership status changed from inactive to nonmember in 1983. Pursuant to *unamended* Code provisions, her change in status occurred despite the 1983 amendment to the Code increasing the rate of contribution. Thus, we conclude that there was no retroactive application here.

Imdorf was simply unlucky enough to have been caught in the middle of the one percent increase in the rate of retirement contribution. Imdorf's membership terminated and, upon her re-enrollment into PSERS, she was subject to the higher "basic rate of contribution."

For the above reasons, we affirm.

### ORDER

AND NOW, this 8th day of March, 1994, the order of the Public School Employes' Retirement Board, dated June 24, 1993, is hereby affirmed.