**Joann TYSON, Petitioner,**

v.

**PENNSYLVANIA PUBLIC SCHOOL EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Aug. 18, 1999.

William A. Hebe, Wellsboro, for petitioner.

Charles K. Serine, Harrisburg, for respondent.

Before FRIEDMAN, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Joann Tyson (Claimant) petitions for review from a decision of the Pennsylvania Public Employes' Retirement Board (Board) which denied her request for multiple service membership. We affirm.

The findings of fact as found by Board are as follows. Claimant was employed by Penn State University from January 4, 1971, to November 30, 1977, during which time she was a member of the State Employes' Retirement System (SERS). Some years later on January 14, 1985, after a break in service with the state, Claimant became employed by the Austin Area School District (School District). At that time Claimant became a member of the Pennsylvania Public School Employes' Retirement System (PSERS).

Upon employment with the School District an enrollment application was completed on February 1, 1985, and received by PSERS on February 5, 1985, in order for Claimant to become a member of PSERS. After receiving the application, PSERS, in the ordinary course of business and as a matter of routine, mailed a letter personally addressed to "Joann Tyson", on February 11, 1985. This "welcome letter", as it is referred to by PSERS, informed Claimant of her rights as a PSERS member and contained detailed information and an application to become a multiple service member if she had any prior employment with the state. The letter and application also indicated that Claimant had thirty days from the date of the letter to elect to become a multiple service member.

Claimant did not elect multiple service membership within the thirty day time period as required. Although she could not recall receiving the "welcome letter" from PSERS, she indicated that it was possible that she might have received it. The letter was mailed to her correct mailing address at that time.

Sometime in 1986 or 1987, Claimant is not clear on the date, she began inquiring about purchasing her years of prior state service when she worked for Penn State and using it for retirement credit. At that time Claimant learned of the thirty-day requirement to become a multiple service member. On July 21, 1989, PSERS informed Claimant that her request to become a multiple service member had been denied because she had not elected membership within thirty days of her entry into PSERS. Claimant appealed that decision.

The PSERS Appeals Committee reviewed Claimant's appeal and denied her request on November 9, 1989, again because she had failed to elect membership within the required time frame. Claimant appealed that decision on November 30, 1989, and requested an administrative hearing. A hearing was scheduled and subsequently held on November 27, 1996.[1] The hearing examiner recommended that Claimant's request be denied. By opinion and order dated September 26, 1997, Board agreed and denied Claimant's request for multiple service membership because she did not elect multiple service membership within the thirty-day time period mandated by statute on the basis that to allow membership at this time would amount to a violation of the statute. Claimant then petitioned this Court for review of Board's order.

The issue before this Court for review is whether Claimant can be permitted to purchase years of prior state service after the statutory thirty-day time limit has expired when the only notice of the thirty-day time period she received was in a "welcome letter" from PSERS personally addressed to Claimant with an application enclosed, but allegedly had not received any such notice from her employer, School District.[2]

At issue in this case are various sections of the Pennsylvania Public School Employes' Retirement Code (Retirement Code), 24 Pa.C.S. §§ 8108 – 8535 and they are as follows:

Section 8502 – **Administrative duties of the board**

(g) Performance of employer duties – In the event employer fails to comply with the procedures as mandated in section 8506 (relating to duties of employers), the board shall perform such duties and bill the employer who shall pay for the cost of same.

Section 8506 – **Duties of employers**

(g) Former State employee contributors – The employer shall, upon the employment of a former member of the State Employees' Retirement System, who is not an annuitant of the State Employees' Retirement System, advise such employee of his right to elect multiple service membership within 30 days of entry into the system.... The employer shall advise the board of such election.

Section 8507 – **Rights and duties of school employees and members**

(c) Multiple service membership – Any active member who was formerly an active member in the State Employees' Retirement System may elect to become a multiple service member. Such election shall occur no later that 30 days after becoming an active member in the system.

---

1. The long intervening time period between Claimant's appeal and the hearing was due to a wait on a possible legislative change that would have bearing on the outcome of the case. The November 9, 1985 letter from the Appeals Committee to Claimant explained that PSERS and SERS were developing legislation to attempt to change the thirty-day rule which had formed the basis for the denial. Their efforts to change the thirty-day rule were unsuccessful.

2. Our review in this case is limited to determining whether Board committed errors of law or violated constitutional rights, or whether Board's findings of fact are supported by substantial evidence. *Finnegan v. Public School Employes' Retirement Board,* 126 Pa.Cmwlth. 584, 560 A.2d 848 (1989), *affirmed,* 527 Pa. 362, 591 A.2d 1053 (1991).

In addition to these statutory provisions, 22 Pa.Code § 215.7(c) Election of Multiple Service provides that, "Any active member from and after the effective date of the code who was formerly a member in the State System, may elect multiple service coverage provided such election is made no later than 30 days after active membership in this system."

It is clear from the Retirement Code and its regulations that if a new member in PSERS wishes to become a multiple service member because of previous state employment, that new member must elect to do so within thirty days of becoming an active member in PSERS. It is equally clear that Claimant did not choose to become a multiple service member within the thirty-day time frame allowed by the Retirement Code and its regulations.

Claimant recognizes that she failed to follow the mandates of the Retirement Code, but argues that she should now be permitted to become a multiple service member because School District failed to provide her with notice of the thirty-day requirement as provided for by Section 8506(g) of the Retirement Code. We must reject Claimant's argument as it is flawed in several respects.

■ First, Claimant correctly contends that the hearing examiner found as fact that School District failed to provide notice as per the Retirement Code, but it is not the hearing examiner that is the finder of fact in this case. It is Board that is the finder of fact. *See Dowler v. Public School Employes' Retirement Board,* 153 Pa.Cmwlth. 109, 620 A.2d 639 (1993). Board made no such finding, but instead concluded that Claimant had not provided sufficient evidence that School District had failed to fulfill its statutory duty. The evidence Claimant did produce was her own testimony that she did not receive any notice from School District, and it is evident from Board's decision that it did not find Claimant's testimony to be credible.

■ Next, even if Board had found that School District failed in fulfilling its statutorily mandated duty, it is clear from the record that Claimant still received notice of the thirty-day time limitation from Board. Section 8502(g) of the Retirement Code provides that Board can perform the duties of the employer in the event that the employer fails to do so. Here, Board addressed and sent Claimant personally a "welcome letter" in its ordinary course of business and as a matter of routine, which provided Claimant with the information about the thirty-day time frame in which to apply for multiple service membership. It also provided her with an application to apply for membership. Claimant did not deny receiving this information from Board which had been mailed to her correct address at that time.[3] Notification by Board of the thirty-day time frame in which to apply for multiple service membership, in lieu of notification by the employer, is proper according to Section 8502(g) of the Retirement Code. Therefore, Claimant was provided with the correct information regarding the thirty-day time limit to apply for multiple service membership by Board, pursuant to the Retirement Code, and she cannot now be permitted to apply for multiple service membership.

This Court held in *Finnegan,* 560 A.2d. at 848 and again in *Cosgrove v. State Employes' Retirement Board,* 665 A.2d 870 (Pa.Cmwlth.1995), that the board cannot be estopped from applying the statutory provisions of the Retirement Code, even where a member had received inadequate, incorrect or even no information from an employer or the board.

---

**3.** The record indicates that the letter mailed to Claimant was mailed in the ordinary course of business and as a matter of routine by the Board. This proof of proper mailing gives rise to the presumption that Claimant received the "welcome letter". *See Department of Transportation, Bureau of Driver Licensing v. Whitney,* 133 Pa.Cmwlth. 437, 575 A.2d 978 (1990). Claimant has not rebutted that presumption.

In *Finnegan* PSERS erroneously informed a member that she could purchase fifteen years of out-of-state service credit. The member relied on this information and made an irrevocable decision to retire. The Retirement Code, however, restricted such purchases to twelve years. As a result, the member received far smaller retirement benefits than she had expected. Even though she had relied on incorrect information from PSERS, this Court, as well as the Pennsylvania Supreme Court, determined that the board could not be estopped from applying the positive law provisions contained in the Retirement Code. The member's appeal was denied.

Again in *Cosgrove*, a member was not given all information concerning payment options. This Court came to the same conclusion as had been reached in *Finnegan*.

Also, in *Lawrie v. Public School Employes' Retirement Board*, 141 Pa.Cmwlth. 366, 595 A.2d 753 (1991), neither the employer, in violation of Section 8506(i), nor the board, in violation of Section 8502(g), advised the member of her options when she terminated her employment. As a result, the member did not realize that her account would accrue interest only for a two-year period. The member argued that the board should pay interest for the entire period of time the account was held with the board due to the lack of information she was given. This Court rejected that argument relying on the holding in *Finnegan*.[4]

 Although the facts in this case are not nearly as egregious as those in the above cited cases where members were given misinformation or no information at all which was then relied on by the claimants to make important decisions, they were still denied the relief they requested. Here, even if we could assume as fact that Claimant did not receive information from her employer concerning multiple service membership, she certainly did receive such information from the Board in a timely, sufficiently personal and individualistic manner that would have allowed her the opportunity to choose multiple service membership within the thirty-day time frame.[5] Therefore, based upon the fact that Claimant did receive proper notice of the thirty-day time limit to apply for multiple service membership from Board and failed to do so, Claimant did not comply with the thirty-day requirement in the Retirement Code even though she received proper notice of the time limitation from Board. The case law does not permit us to ignore the statutory limitation.

We affirm the order of Board.

### ORDER

AND NOW, this 18th day of August, 1999, the order of the Pennsylvania Public Employes' Retirement System Board at No. 1989–2, dated September 26, 1997 is affirmed.

4. *Finnegan, Cosgrove,* and *Lawrie,* however, did not involve the issue of the obligation imposed upon the board under Section 8502(g) of the Retirement Code to notify the PSERS member of the right to elective membership in the event the employer failed to give the notice required by Section 8506(g).

5. The recent case of *Higgins v. Public School Employes' Retirement System,* 736 A.2d 745 (Pa.Cmwlth.1999) is also distinguished. After a break in service from the Pennsylvania State Employes' Retirement System, Higgins was later hired by School District in 1976 and was allegedly forwarded two newsletters (one by way of bulk mail in 1983 and one placed in the employee's mailbox in 1985) which contained the thirty day notice of the right to elect multiple service. Tyson, on the other hand, was hired in 1985, after PSERS had started to comply with the statutory mandate for Board to give separate notice by sending the notice in a "welcome letter" (not a bulk mail newsletter) containing an application which was personally addressed and mailed directly to the employee.