Dianne M. JENKINS–PAPA, Petitioner,

v.

STATE EMPLOYEES' RETIREMENT
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.

Decided Feb. 8, 2001.

Reargument Denied April 9, 2001.

James J. O'Connell, Jr., New Castle, for petitioner.

Salvatore A. Darigo, Jr., Harrisburg, for respondent.

Before FRIEDMAN, Judge, LEADBETTER, Judge and LEDERER, Senior Judge.

FRIEDMAN, Judge.

Dianne M. Jenkins Papa (Claimant) petitions for review of the February 17, 2000 order of the State Employees' Retirement Board (SERB) denying Claimant's request to purchase multiple service credit. We reverse.

Claimant became a member of the Public School Employees' Retirement System (PSERS) by virtue of her employment with the Midwestern Intermediate Unit at the New Castle Youth Development Center (Intermediate Unit) from March 15, 1976 through September 30, 1976. On February 10, 1977 and March 14, 1977, Claimant wrote to PSERS and requested the return of the contributions she made while employed at the Intermediate Unit. (Findings of Fact, Nos. 1–2.[1])

On April 27, 1977, Claimant became a member of the State Employees' Retirement System (SERS) by virtue of her employment with the Pennsylvania Department of Health. On her application for membership, dated April 18, 1977, Claimant indicated that she had never been a member of PSERS.[2] If Claimant had indicated that she had been a member of PSERS, she would have received a notice by mail informing her of her right to

---

1. We note that SERB adopted the findings of fact made by the Hearing Examiner in this case.

2. Claimant testified that her prior membership in PSERS was "nothing that ever registered." (Findings of Fact, No. 3.)

purchase multiple service. (Findings of Fact, Nos. 4–6.)

Claimant had received at least one SERS Members Handbook, but she never read anything in the manual about multiple service because, when she began to work for the Department of Health, she was eighteen years old[3] and retirement was "way off in the future." (Findings of Fact, No. 7.)

Between some date in 1984 and June 30, 1985, SERS created a grace period to allow members who had failed to elect multiple service within thirty days of their entry into the system to do so. SERB gave notice of the grace period to its members through an article in the Winter 1984 issue of SERB's newsletter, the *Dispatch.* However, SERB presented no evidence as to how the *Dispatch* was distributed at the Department of Health. (Findings of Fact, Nos. 10, 12.)

During a consultation with a SERS retirement counselor on January 27, 1998, Claimant was informed of her right to elect multiple service credit for the service she rendered at the Intermediate Unit. By letter dated February 6, 1998, Claimant requested that SERS allow her to purchase credit for her service at the Intermediate Unit. SERS denied the request by letter dated July 2, 1998. Claimant filed an appeal, which was denied. Claimant then requested an administrative appeal and adjudication by SERB. (Findings of Fact, Nos. 14–18.)

■ Following a hearing, in a decision dated September 17, 1999, a Hearing Examiner recommended that SERB grant Claimant's request to elect multiple service and purchase credit for her prior public school service. The Hearing Examiner based this recommendation on the failure of SERS to provide Claimant with adequate notice of the grace period. SERB, with one member dissenting, denied Claimant's request because, when Claimant began working for the Department of Health in 1977, Claimant failed to inform SERS that she had prior school service. Claimant now appeals to this court.[4]

■ The only issue before us is whether SERB erred in denying Claimant's request to purchase multiple service credit based on Claimant's failure to inform SERS of her prior school service.[5] Claimant contends that SERB should have granted her request for multiple service credit because SERB failed to provide Claimant with adequate notice of the grace period. We agree with Claimant.

Section 5907(c) of the State Employees' Retirement Code (Retirement Code) states that an active member who was formerly an active member in PSERS may elect to become a multiple service member no later than thirty days after becoming an active member. 71 Pa.C.S. § 5907(c). Section 5907(a) of the Retirement Code states that, upon assumption of duties, each new state employee shall furnish a complete record of previous school service and current status in PSERS. 71 Pa.C.S. § 5907(a). "Wilful failure to provide the information required by this subsection to the extent available upon entrance into the system shall result in the forfeiture of the right of the member to subsequently as-

---

3. Claimant was actually 20 years old when she began to work for the Department of Health. (Findings of Fact, No. 8.)

4. Our scope of review is limited to determining whether SERB committed errors of law or violated constitutional rights, or whether SERB's findings of fact are supported by substantial evidence. *Tyson v. Pennsylvania Public School Employes' Retirement System,* 737 A.2d 325 (Pa.Cmwlth.1999), *appeal denied,* 563 Pa. 624, 757 A.2d 937 (2000).

5. SERB argues that Claimant waived this issue because Claimant did not file exceptions to the Hearing Examiner's finding that Claimant willfully withheld information regarding her prior service. However, Claimant does not challenge that finding here. The basis for Claimant's appeal to this court is lack of proper notice of the grace period.

sert any right to benefits based on any of the required information which he failed to provide." *Id.*

Here, SERB found that Claimant willfully failed to inform SERS regarding her prior school service and her status with PSERS. Thus, SERB concluded that Claimant forfeited her right to elect multiple service membership based on her prior service. However, in 1984, SERB created a grace period to allow members who had failed to elect multiple service within thirty days of their entry into the system to do so.

It is clear from the record that SERS extended the grace period to members, like Claimant, who had "forfeited" their right to elect multiple service under section 5907(a) of the Retirement Code. Indeed, in its July 2, 1998 letter to Claimant, SERS informed Claimant that SERS was denying Claimant's request to elect multiple service because Claimant "did not take advantage of [her] final opportunity to elect Multiple Service by [the] June 30, 1985 [grace period deadline]. . . ." (S.R. at 196b.) In other words, if Claimant had received adequate notice of the grace period in 1984 and acted before the June 30, 1985 deadline, SERS would have allowed Claimant to elect multiple service.

The problem is that SERS presented no evidence to show that it gave Claimant adequate notice of the grace period. SERS suggested that it provided notice to Claimant through its distribution of the Winter 1984 issue of the SERS newsletter. However, SERS presented *no* evidence regarding the distribution of the newsletter by the Department of Health. Even if

SERS had presented such evidence, the evidence would not have been sufficient to show that Claimant received adequate notice of the grace period. This court has held that notice of the grace period by newsletter is inadequate where, as here, the employee never before received notice of the right to elect multiple service membership. *Higgins v. Public School Employes' Retirement System,* 736 A.2d 745 (Pa.Cmwlth.1999).

Accordingly, we reverse.[6]

### *ORDER*

AND NOW, this 8th day of February, 2001, the order of the State Employees' Retirement Board, dated February 17, 2000, is reversed.

LEADBETTER, Judge, Dissenting.

I must respectfully dissent. As the majority notes, this court has held that notice by newsletters, bulk mail, etc., is inadequate to advise members of their rights under the Retirement Code, and that actual notice or first class mail is required. *Higgins v. Public Sch. Employees' Retirement Sys.,* 736 A.2d 745, 751–55 (Pa. Cmwlth.1999). I believe it is unreasonably burdensome to require SERS to give such direct personal notice to all members of a benefit in which most of them are not eligible to participate. Rather, I would apply this specific notice requirement only with respect to those members whom SERS knows or should know are eligible. Here, since the Hearing Examiner found that claimant willfully withheld the fact of her prior service, I agree with the Board that pursuant to 71 Pa.C.S. § 5907(a),[1] she

---

6. In reaching a contrary result, SERB relied on this court's holding in *Tyson.* However, *Tyson* does not apply here because the claimant in *Tyson* actually received notice of her right to elect multiple service membership when she began her employment. Claimant received no such notice.

1. The statute provides that:
   Upon his assumption of duties each new State employee shall furnish the head of

department with a complete record of his previous State service, his school service or creditable nonstate service, and proof of his date of birth and current status in the system and in the Public School Employees' Retirement System. Wilful failure to provide the information required by this subsection to the extent available upon entrance into the system shall result in the forfeiture of the right of the member to subsequently assert any right to benefits

has forfeited at least her right to direct personal notice of the grace period. Accordingly, I would affirm.

based on any of the required information which he failed to provide.
Thus, it could be argued that claimant has forfeited her right to elect multiple service

membership altogether. We need not go that far, however, to decide this case.