622 A.2d 403

**Robert J. BITTENBENDER, Petitioner,**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 10, 1992.

Decided May 14, 1992.

Publication Ordered March 16, 1993.

12

Edward R. Eidelman and Mary J.B. Eidelman, for petitioner.

Kathleen E. Boyle, for respondent.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

This Petition for Review is brought by Robert J. Bittenbender (Bittenbender) from an order of the State Employees' Retirement Board (Board) order denying his request for greater Option 3 payments, as those payments were indicated in an erroneous retirement estimate by an employee of the State Employees' Retirement System (SERS).

Bittenbender, a 62–year old Superintendent of District 5 of the Turnpike Commission, who had been employed by the Commission in excess of fourteen years, considered retirement. He consulted with an SERS retirement counselor assigned to the Turnpike Commission to ascertain whether the "numbers" were suitable for retirement, since he had concluded he needed an income of $18,000 a year to retire (which included his Social Security and his retirement benefits). He obtained a retirement estimate under Option 3 which would pay one-half of such retirement benefit to his widow and which met his needs. He then retired. About three months later, he was advised the estimate he reviewed was in error and that

instead of receiving $1017.67 a month, he would be receiving $778.94 or $238.73 per month less.[1]

■ Bittenbender contends that, even admitting that the estimate was a mistake, he entered into a contract with SERS when he retired for the $1017.67 monthly amount and that therefore SERS is obliged to pay him that amount.

Bittenbender makes two contentions in support of his argument for reversal.

(1) SERB was in error as a matter of law when it denied his request because the estimate was part of his contract.

(2) SERB denied Bittenbender his constitutional right of due process.

■ In his first argument, Bittenbender relies upon general contract law. He contends that, under the doctrine of unilateral mistake, the retirement system is bound by the principle that if a mistake is unilateral, and not due to the fault of the party mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief from the contract, unless the party not mistaken has good reason to know of the unilateral mistake. This is an accepted principle of contract law and has been applied by this Court under other circumstances. *Department of Education v. Miller*, 78 Pa.Commonwealth Ct. 1, 466 A.2d 791 (1983).

However, in making his argument, Bittenbender ignores several important statutes which govern the system and one which specifically governs this situation.

1. We, of course, do not approve of what occurred in this case. SERS is required by statute to give counseling to prospective retirees. Section 5906 of the State Employees Retirement Code, Act of March 1, 1974, P.L. 125, 71 Pa.C.S. § 5906(f). At this important time of the employee's life, the utmost care should be taken to make certain that the estimates are as accurate as possible. The brief for the Board (p. 39) suggests the mistake was "but" a mathematical error on the part of the Turnpike Commission's retirement counselor. We strongly suggest that these estimates be checked by some retirement system personnel other than the counselor before the employee retires, not after he retires. We also note that the employee had retained a "financial advisor" who could have checked and easily ascertained the error. The error is found at p. 122 of the reproduced record, where an amount was added in twice to figure out the annual pension.

■ The State Employees Retirement System is a creation of legislature. 71 Pa.C.S. § 5102. It provides for various contributions to a fund and various choices (options) that a prospective pensioner has upon retirement. 71 Pa.C.S. § 5705. Bittenbender is the only person who can make the choice of which option he elects, and SERS acts only ministerially and is obligated by statute to provide counseling. 71 Pa.C.S. § 5906(4). Thus, an employee has only those rights created by statute and none beyond it. Indeed, even though the contract which the employee has with the Commonwealth must be liberally construed, the employee rights are so personal that even his widow is not allowed to complete his payment into the fund to increase her benefits. *Bowers v. State Employees Retirement Board* 29 Pa.Commonwealth Ct. 561, 371 A.2d 1040 (1977).

■ The specific section of the subject act which governs the situation here is Section 5954, 71 Pa.C.S. § 5954, which states:

§ 5954. Fraud and adjustment of errors.

.        .        .        .        .

(b) Adjustments of errors.—Should any change or mistake in records result in any member, beneficiary or survivor annuitant receiving from the system more or less than he would have been entitled to receive had the records been correct, then regardless of the intentional or unintentional nature of the error and upon the discovery of such error, the board shall correct the error and so far as practicable shall adjust the payments which may be made for and to such person in such a manner that the actuarial equivalent of the benefit to which he was correctly entitled shall be paid.

Thus, even if the beneficiary is receiving mistaken benefits, the board is duty bound to correct the mistake.[2] See also *Kellams v. Public School Employes' Retirement Board,* 486

2. Bittenbender contends that this statute only governs mistakes in records. We cannot construe the statute so narrowly when it is intended to cover not only overpayments to beneficiaries but also underpayments.

Pa. 95, 403 A.2d 1315 (1979), where the Supreme Court unanimously upheld this Court's determination that a system-wide mistake which overpaid the annuitants must be corrected prospectively.

One other matter raised by Bittenbender needs to be mentioned—that is, the doctrine of equitable estoppel. In *Finnegan v. Public School Employment Retirement Board*, 126 Pa.Commonwealth 584, 560 A.2d 848 (1989), this Court held that the Board cannot be estopped from asserting a statutory provision. The Court said "[t]o decide otherwise would be tantamount to giving employee errors the effect of amending the substance of a statute." *Id.* at 590, 560 A.2d at 851. We therefore conclude the Board was correct in finding that Bittenbender had no enforceable right of contract to increase Option 3 payments.

Bittenbender's next argument that he was denied due process does not warrant extended discussion. He certainly received a full hearing on his contentions before the board, and this Court has held that he had no contract rights of which he was deprived by a lack of due process. He seems, then, to contend that he was deprived of his job without due process. However, it was he who elected to retire, albeit under a misapprehension of his benefits, and any action to recover his job would have to include his employer, the Turnpike Commission. Hence, Bittenbender's constitutional argument must be rejected.[3]

Affirmed.

## ORDER

AND NOW, this 14th day of May, 1992, the Order of the Commonwealth of Pennsylvania, State Employees' Retirement Board, File No. 203–16–3217, dated October 1, 1991, is hereby affirmed.

---

3. Our review of the record also reveals that Bittenbender never raised this question before SERB.