**Francis COSGROVE, Jr., Edward Carter Higbee and Melvin Machine, Petitioners,**

v.

**STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.
Decided Oct. 2, 1995.

William L. Adler, for petitioners.

Michael J. Luparello, for respondent.

Before COLINS, President Judge, and NEWMAN, J., and LORD, Senior Judge.

LORD, Senior Judge.

Francis Cosgrove, Jr., Edward Carter Higbee and Melvin Machine (Petitioners) appeal a State Employes' Retirement Board (SERB) decision that essentially adopted a hearing examiner's opinion denying their request to change their retirement benefit option elections under the State Employees' Retirement Code (Retirement Code), 71 Pa. C.S. §§ 5101–5956.

Petitioners retired in 1986 (Cosgrove) and 1988 (Higbee and Machine), before the age of 65, as employees of the Pennsylvania Department of Public Welfare and members of the State Employes' Retirement System (SERS). Petitioners had received pre-retirement counseling on such matters as available retirement benefit options pursuant to the statutory apparatus then in effect. Section 5705

of the Retirement Code provided in relevant part at the time of Petitioners' retirement:

§ 5705. Member's options

(a) General rule.—Any vestee ... may apply for and elect to receive either a maximum single life annuity ... or a reduced annuity certified by the actuary to be actuarially equivalent to the maximum single life annuity and in accordance with one of the following options; ...

(1) Option 1.—A life annuity to the member with a guaranteed total payment equal to the present value of the maximum single life annuity ...

 .　 .　 .　 .　 .

(4) Option 4.—Some other benefit which shall be certified by the actuary to be actuarially equivalent to the maximum single life annuity, subject to the following restrictions:

(i) any annuity shall be payable without reduction during the lifetime of the member *except as the result of the member's election to receive an annuity reduced upon attainment of age 65, in anticipation of the receipt of a social security benefit;* ...

71 Pa.C.S. § 5705 (emphasis added). The portion of sub-paragraph (i) that we have emphasized was removed by amendment in 1994, April 29, P.L. 159, No. 29, § 10.

Upon retirement, Petitioners selected "full retirement" under section 5705(a)(1) (Option 1). That option allows the withdrawal of the total lump sum amount of all retirement contributions plus interest and the receipt of monthly retirement benefits. Petitioners allege that in 1991 they for the first time learned of another option existing within the "special option" of section 5705(a)(4) (Option 4). This was known as "accelerated social security retirement" (ASSR) under pre-amendment section 5705(a)(4)(i), the portion of the statute emphasized above. ASSR entailed accelerated benefit payments to employees retiring before age 65 from the date of retirement until age 65, followed by reduced payments upon reaching age 65, thereby allowing a retiree to receive more benefits "up front."

Petitioners requested a retroactive change from Option 1 to Option 4. Their requests were denied and their cases were consolidated before the hearing officer. The hearing officer found that, before retiring, Petitioners read a SERS member handbook, signed certificates that they were satisfied with their counseling, signed retirement applications acknowledging that the option they chose would be "final and binding," and did not elect the special option (Option 4) on the applications. The hearing officer held that there is only one instance, not applicable here, where a SERS member may change her irrevocable benefit election—*see* 71 Pa. C.S. § 5907(j); 4 Pa.Code § 249.7(d). Therefore, invoking estoppel to allow a benefit change would be improper, as it would violate positive law. *See Finnegan v. Public School Employes' Retirement Board,* 126 Pa. Cmwlth. 584, 560 A.2d 848 (1989), *aff'd,* 527 Pa. 362, 591 A.2d 1053 (1991).

Moreover, the hearing officer felt constrained by a prior SERB decision known as "Donisi" to hold that sub-paragraph (i) of Option 4 was a restriction, not an alternative option. This colored his determination that general references made to Option 4 by counselors and in the handbook were sufficient, that Petitioners did not sustain their burden of proving their counseling was inadequate, and that the failure to mention ASSR did not constitute misleading silence requiring the application of equitable estoppel. On appeal, SERB added that there is no fundamental injustice here because all retirement options must be actuarially equivalent. Petitioners now appeal to this Court.

■ Our scope of review of an administrative board's final adjudication is limited to a determination of whether the adjudication is supported by substantial evidence, whether it accords with the law and whether constitutional rights were violated. *Miller v. State Employes' Retirement System,* 156 Pa. Cmwlth. 83, 626 A.2d 679 (1993).

Petitioners raise the following issues: (1) whether subparagraph (i) of Option 4 is a substantive ASSR option, as opposed to a restriction;[1] (2) whether, assuming subparagraph (i) is a substantive ASSR option, the absence of specific counseling on ASSR renders inadequate the counseling provided to Petitioners; and (3) whether, assuming counseling was inadequate, equitable estoppel should be invoked to allow a post-retirement change of options.

Petitioners argue that this is a case of first impression. They submit that the first part of section 5705(a)(4)(i) appears to be a limitation on special options, but the legislature, in adding "except as a result ... in anticipation of the receipt of social security benefit," clearly intended to confer a substantive retirement option. Thus, Petitioners claim, because ASSR under Option 4 is a specifically mentioned, important option in the Retirement Code, and because the counselors did not discuss it, the counselors failed in their duty to inform and advise members of their rights. They assert that the remedy for the inadequate counseling is equitable estoppel, as it would be fundamentally unjust to disallow the retroactive election of an option for which there was no counseling. Petitioners distinguish *Finnegan* as a case where estoppel could not be used to enforce a commitment that would be a violation of law; here, by contrast, they contend the counselors' negligence must be redressed by allowing a lawful option.

SERS responds that the counseling, advice and information provided thoroughly apprised Petitioners of their rights, and they acknowledged as much. SERS claims there was no intentional or negligent misrepresentation of any material facts here, but instead there was a wealth of information. It argues that application of estoppel would require it to violate the law and take impermissible legislative action by permitting a change in retirement options. *Finnegan.* According to SERS, there are limitless options for designing one's own retirement plan under Option 4, it is for the member to suggest one he or she has in mind, and Petitioners suggested none. SERS further asserts that the social security language in subparagraph (i)

---

1. Actually, Petitioners are complaining about the failure to be counseled on an exception to a restriction.

of Option 4 is by its express terms a restriction when one designs his own retirement plan, which was not done in the first instance by the retirees here. SERS also contends that estoppel cannot be invoked because no fundamental injustice is presented; there is no evidence of detriment here, and there cannot be detriment since all retirement options must be actuarially equivalent by law.

We resolve this case as follows. We see no reason to decide the first two issues raised, because even if we assume ASSR was a substantive option that required specific counseling, we conclude that Petitioners cannot, three and five years after their elections, change their options.

This case is one of first impression insofar as Petitioners seek to impose the doctrine of estoppel against SERS for inadequate consultation advice based upon a *failure* to tell the prospective retirees about an "option," and insofar as they ask this Court to impose upon SERS a retroactive "option" that was statutorily available. However, this case is not one of first impression on the general subjects of estoppel against SERS or an equivalent retirement board and changes in a pension plan once a retiree elects a particular plan.

In *Finnegan,* upon which SERB relied, Finnegan received incorrect information when she retired. Specifically, after she inquired, she was told that she could purchase fifteen credit years for out-of-state and government service, when actually under the applicable statute she could purchase only twelve. Consequently, her monthly annuity was reduced from $1200 to $800. This Court held that all the factual requisites for estoppel had been met, but we nevertheless refused to apply estoppel against the Public School Employes' Retirement System. We stated that, regrettably, *Pennsylvania Association of State Mental Hospital Physicians v. State Employes' Retirement Board,* 31 Pa. Cmwlth. 151, 375 A.2d 863 (1977), *aff'd,* 484 Pa. 313, 399 A.2d 93 (1979) required us to hold that the board in *Finnegan* could not be estopped from adhering to a statutory provision.

There is no doubt that one of the bases for the holding in *Finnegan* was that the retiree would be obtaining a monetary benefit not allowed by statute. This is a distinction between *Finnegan* and the case we are now considering. However, we conclude that the distinction is not sufficient to allow Petitioners to amend their election of a pension plan, because the legislature has enacted the following provision:

> A member who is eligible and elects to receive a reduced annuity under Option 1, 2, 3, or 4, shall nominate a beneficiary or a survivor annuitant ... A member who has elected Option 1 may change his designated beneficiary at any time. A member having designated a survivor annuitant ... shall not be permitted to nominate a new survivor annuitant unless such survivor annuitant predeceases him or unless the member is awarded a divorce or becomes married subsequent to the election of the option. In such cases, the annuitant shall have the right to reelect an option ... *In no other case shall a benefit plan be changed by an annuitant.*

71 Pa.C.S. § 5907(j) (emphasis added). This provision unequivocally governs the election of an option and clearly restricts amendment of the elected option. Indeed, the regulations thereunder provide:

> Effect of election to receive a benefit. A *member who terminates State service, who is eligible to elect to withdraw his total accumulated deductions, or vest his retirement rights, or receive an immediate annuity, shall, by exercising the election, be deemed to have made an irrevocable choice* which may not be changed unless the change was made prior to the effective date of termination of service.

4 Pa.Code § 249.7(d) (emphasis added).

Additionally, in *Bittenbender v. State Employes' Retirement Board,* 154 Pa.Cmwlth. 11, 622 A.2d 403, 405 (1992), we stated:

> The State Employees Retirement System is a creation of legislature. 71 Pa.C.S. § 5102. It provides for various contributions to a fund and various choices (options) that a prospective pensioner has upon retirement. 71 Pa.C.S. § 5705. Bittenbender is the only person who can make the choice of which option he elects,

and SERS acts only ministerially and is obligated by statute to provide counseling. 71 Pa.C.S. § 5906(4). Thus, an employee has only those rights created by statute and none beyond it. Indeed, even though the contract which the employee has with the Commonwealth must be liberally construed, the employee rights are so personal that even his widow is not allowed to complete his payment into the fund to increase her benefits. Bowers v. State Employees Retirement Board, 29 Pa.Commonwealth Ct. 561, 371 A.2d 1040 (1977). We held there that SERS was not bound by a mistake it made in computing Bittenbender's benefits when it counseled him about retirement.

■ We thus now conclude that the unequivocal statutory language prevents a change in benefit plans even if the pensioners were misled by inadequate counseling. If we were to hold otherwise, we would be required to alter the statute. That is a function for the legislature. It is not our role to speculate as to the reason or reasons for the unequivocal statutory provision enacted by the legislature. However, it is a known fact that the general situations of individuals change and, in the years after an option is elected, many individuals might prefer another option because of changed circumstances. Any pension plan that would allow unrestricted changing of options would of course be almost impossible to administer. In short, it would be a bureaucratic nightmare.

Further, it would certainly be anomalous for this Court to refuse to apply estoppel where retirement authorities made affirmative misstatements about benefits to Finnegan and Bittenbender, but allow it to be applied in this case, where there was, we assume, silence by SERS on the specific subject matter.

Petitioners cite *Chester Extended Care Center v. Pennsylvania Department of Welfare*, 526 Pa. 350, 356, 586 A.2d 379, 382 (1991). We recognize that the Pennsylvania Supreme Court in that case applied the doctrine of estoppel against the Pennsylvania Department of Public Welfare, which "lulled [Chester Extended Care Center] into the false belief that [its] participation in the Medical Assistance program was not in jeopardy," continued to make payments to Chester Extended Care Center and then sought repayment. The Supreme Court said:

> Although it is the general rule that estoppel against the government will not lie where the acts of its agents are in violation of positive law, Central Storage & Transfer Co. v. Kaplan, 487 Pa. 485, 410 A.2d 292 (1979), this rule cannot be slavishly applied where doing so would result in a fundamental injustice.

*Id.* at 357, 586 A.2d at 383. No such fundamental injustice abides in this case. Petitioners were just not given complete advice and thus apparently did not receive the option plan they now deem preferable. They are not receiving less money than thought, as were Finnegan and Bittenbender, and certainly are not in a situation akin to Chester Extended Care Center.

Finally, we emphasize that we of course do not approve of any situation that permits inadequate counseling to exist. This case, together with *Finnegan* and *Bittenbender*, should serve as important warnings to prospective retirees that the decision they are about to make concerning retirement pensions is irrevocable and that it would probably be wise to consult expert advice.[2]

Based on the foregoing discussion, SERB's decision is affirmed.

### ORDER

AND NOW, this **2nd** day of **October,** 1995, the order of the State Employes' Retirement Board, at Nos. 1993–2, 1993–3 and 1993–4, dated January 4, 1995, is hereby affirmed.

---

2. Indeed, in order to take advantage of Option 4 and ASSR, a prospective retiree would likely need an expert to craft an appropriate plan.