**Stephen CROUSE, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, STATE EMPLOYES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1998.

Decided May 10, 1999.

Stephen Crouse, petitioner, pro se.

Larry T. Brandenburg, Harrisburg, for respondent.

PER CURIAM.

Stephen Crouse, proceeding on his own behalf, filed a petition in mandamus, which this Court has treated as a petition for review from the order of the State Employes' Retirement Board (Board) that accepted and adopted the opinion of a hearing examiner and denied Crouse's request to change his retirement benefits option election from non-disability, early retirement annuity to disability retirement. In a reply brief, Crouse repeats the question as counter-stated by the State Employes' Retirement System (SERS), namely, whether a member of SERS who has retired and elected to receive a non-disability early retirement annuity may change his retirement plan in order to receive a disability annuity. Crouse adds to this his repeated accusations that he was treated in a fraudulent manner by persons in the administration of the Pennsylvania Liquor Control Board (LCB), from which Crouse was terminated, and in other agencies.

The hearing examiner found that Crouse was injured on May 18, 1976 while working at a state store. He received supplemental payments for work-related disability in addition to workers' compensation for one

year. In May 1977 Edgar D. Free, Personnel Director for the LCB, informed Crouse that his accumulated sick leave could begin to be used as a supplement, but a physician's certification was needed to verify periods of absence as well as to grant Crouse's request for a waiver of payment of life insurance premiums. The LCB received a certification for the period from October 21, 1977 to December 20, 1977, which also stated that Crouse would be able to return to work after that. By letter of December 13, 1977, Free informed Crouse that his options were to return to work on December 21, 1977, to have a physician certify that he was still ill or, if he was disabled, to consider retiring on disability, with forms included to be completed by Crouse and by his physician for such an application.[1]

In letters of February 16, 1978 and March 28, 1978, Free again requested that Crouse choose among various options, including considering applying for disability retirement. Crouse responded on August 2, 1978 that he would not select any of the options offered. The LCB notified him that if he did not make a selection, his employment would be terminated. Crouse did not make a selection, and he was terminated on October 6, 1978. James Hanawalt informed Crouse on November 27, 1978 that he was no longer eligible to apply for disability retirement, although he could apply for other forms of retirement annuity. Crouse appealed his termination to the State Civil Service Commission.

On December 28, 1978, February 2, 1979 and June 21, 1979, Crouse completed the documents necessary to apply for an early retirement annuity. He made the first document conditional pending the outcome of his civil service appeal, as he was advised he could do in Hanawalt's letter of November 27, 1978. The forms contain notices that the selection made is final and binding and may not be changed for any reason. By order of June 25, 1979, the State Civil Service Commission determined that Crouse's termination was proper. Crouse withdrew his accumulated contributions and interest, and he began receiving annuity payments in 1979. Nevertheless, Crouse applied for disability retirement. SERS informed Crouse on December 30, 1980 that, after review, it concluded that he was properly counseled as to all options and that he refused to apply for disability retirement when he was still eligible to do so.

Crouse again requested that he be allowed to apply for disability retirement in May 1994, and he appealed the denial to the appeals committee of SERS, which also denied the request.[2] Correspondence from Crouse indicated that he would not be able to attend the hearing scheduled in May 1997 before the hearing examiner, but

1. Crouse avers that the basis for this finding, SERS Ex. 3, is a replacement for a letter actually sent by James E. Hanawalt, an LCB Employe Services official, simply ordering him to return to work, without a doctor's certificate or an order of a referee, although he was still on workers' compensation and recovering from his injury of May 1976. On December 21, 1977, Crouse returned and suffered a recurrence of his earlier injury.

Although Crouse repeats his assertion that no one from the LCB ever reported his reinjury of December 21, 1997 to the workers' compensation authorities, the decision of a workers' compensation referee of November 29, 1978, denying a termination petition filed by the LCB and the State Workmen's Insurance Fund (SWIF) expressly found that as a result of his work for the LCB on December 21, 1977, Crouse suffered a recurrence of his back injury, which required medical and hospital treatment. The LCB and/or its insurer was ordered to pay the $700 bill for hospital treatment. Brief of Crouse to the hearing examiner, Part I. Thus the workers' compensation authorities were aware of the December 21, 1977 injury from an early date.

2. SWIF paid workers' compensation benefits to Crouse until 1986, when a referee granted a termination petition, after several earlier ones had been denied. SWIF continued to pay medical bills until 1993, when it informed Crouse that it would no longer do so, after this Court's decision in Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester), 145 Pa.Cmwlth. 369, 603 A.2d 291 (1992), holding that an employer is not responsible for medical expenses after a grant of termination. SERS Ex. 30, attachment.

he would supply copies of his records. The hearing examiner notified the parties that the matter would be considered on briefs, with all hearsay objections waived. The hearing examiner received a letter from Crouse repeating his allegations of wrongdoing by various officials, Crouse's brief, SERS' brief, with numerous exhibits and Crouse's reply brief.

The hearing examiner concluded that on June 21, 1979 Crouse made an irrevocable choice to withdraw all of his contributions and accumulated interest and that on December 28, 1978 and February 2, 1979 Crouse made the irrevocable, binding choice of his retirement options. Section 5907(j) of the State Employees' Retirement Code, *as amended,* 71 Pa.C.S. § 5907(j), prohibits a change in an annuitant's retirement plan except in limited circumstances not applicable here. He concluded further that the LCB properly informed Crouse of his right to apply for disability retirement before the LCB terminated Crouse as an employee. He therefore recommended that the Board deny Crouse's request. The Board adopted the recommendation.[3]

Crouse's pro se amended brief repeats his central allegation that he was ordered to return to his job on December 21, 1977 by Hanawalt without a doctor's release or order of a referee, that he was re-injured soon after commencing work, that Hanawalt never reported this injury to the workers' compensation authorities and that he fired Crouse on that date and then fired him again in October 1978 as a means of covering up these alleged misdeeds. He alleges further that the decision of the State Civil Service Commission "illegally supported" his termination, along with the action of this Court in quashing his appeal. Crouse's question, therefore, may be stated as whether he is entitled to change from annuity to disability retirement in view of all of his allegations.

SERS responds that provisions of the Retirement Code prohibit such a change. First, it refers to Section 5308, *as amended,* 71 Pa.C.S. § 5308, which provides in subsection (c), relating to disability annuity:

An active member or inactive member on leave without pay who has credit for at least five years of service ... shall, upon compliance with section 5907(k), be entitled to a disability annuity if he [or she] becomes mentally or physically incapable of continuing to perform the duties for which he [or she] is employed and qualifies in accordance with the provisions of section 5905(c)(1)....

SERS notes that Crouse is an "annuitant" as defined in Section 5102 of the Retirement Code, *as amended,* 71 Pa.C.S. § 5102: "Any member on or after the date of retirement until his annuity is terminated." He is not an "active member," which is "[a] State employee, or a member on leave without pay, for whom pickup contributions are being made to the [State Employees' Retirement Fund]," or an "inactive member," which is "[a] member for whom no pickup contributions are being made ... but who has accumulated deductions standing to his [or her] credit in the fund and who is not eligible to become or has not elected to become a vestee or has not filed an application for an annuity."

In addition, Section 5907(j) of the Retirement Code permits only limited changes to benefit plans. After providing for changes of beneficiaries in specified circumstances, Subsection (j) states: "In no other case shall a benefit plan be changed by an annuitant." SERS also quotes its regulation at 4 Pa.Code § 249.7(d), which provides in part that a member who terminates State service who is eligible to withdraw his accumulated contributions or to vest his rights or to receive an immediate annuity shall, by ex-

---

**3.** This Court's review of a decision of the Board is limited to determining whether the necessary findings are supported by substantial evidence in the record and whether there

was an error of law or a constitutional violation. *Olsen v. Pennsylvania State Employes' Retirement Board,* 688 A.2d 255 (Pa.Cmwlth. 1997).

ercising an election, be deemed to have made an irrevocable choice, which may not be changed unless the change is made before the effective date of the termination. Further, Section 249.7(f) provides:

*Effect of election of benefits.* A member who is eligible for a maximum annuity or a reduced annuity under Option 1, 2, 3 or 4, upon filing an application to receive the benefits, shall, subsequent to termination of service, be deemed to have irrevocably selected the benefit[,] and no change may be permitted, except as provided in section 5907(j) of the [Retirement Code].

SERS notes that its Exhibits 10 and 11 are copies of Crouse's application for retirement allowance of December 28, 1978 and his notice to SERS of June 21, 1979 that he selected Option IV and then Option I and that he elected to withdraw all contributions and accumulated interest.[4]

SERS also states that if the Board had determined that a member, through no fault of his own, was not informed of his right to apply for disability benefits or was misinformed, the Board might allow the member to apply for a disability retirement. It notes, however, that the record in this case shows that the LCB repeatedly informed Crouse of his right to apply for a disability benefit. Finally, concerning Crouse's allegations of fraud, conspiracy

and malfeasance against numerous officials, SERS asserts that these appear to be unsupported by evidence and without merit. Further, they are irrelevant to the Board's determination of whether Crouse should be permitted to apply for a disability retirement, and the Board lacks jurisdiction to investigate them.

The Court concludes that the Board's findings are supported by substantial evidence on the record and that the Board did not err or commit any constitutional violation in denying Crouse's request. First, the Court notes that the evidence supports the hearing examiner's finding, adopted by the Board, that Crouse was counseled as to his retirement options. In the correspondence of late 1977 and 1978, the Board informed Crouse of the possibility of seeking disability retirement and encouraged him to do so if his condition was permanent. Crouse was terminated for his failure to cooperate with the LCB's efforts to establish a long-term status for him. The State Civil Service Commission affirmed the validity of the termination, and that decision may not be challenged on any basis in these proceedings. In correspondence after the termination the LCB correctly informed Crouse that he was no longer eligible to apply for disability retirement. Therefore, the Board correctly

---

4. SERS Ex. 10 bears at the bottom Crouse's handwritten notation: "This is a *conditional application* for annuity per instructions Nov. 27 & Dec.1978, pending my civil service appeal or my decision to apply for disability retirement effective 6 Oct. 1978 for annuity or disability effective 21 Dec. 77. Thank you Mr. Hanawalt." The letter from Hanawalt to Crouse of November 27, 1978, SERS Ex. 9, notes that Crouse had appealed his termination to the civil service commission. It explains the 90–day period for applying for an annuity in order to have the application be retroactive to the date of removal. It then states in pertinent part:

If you would like to file a conditional application for an annuity or vesting pending the outcome of your Civil Service appeal, you may do so by indicating clearly on the application that this is a conditional application pending the outcome of your Civil Service appeal. *It is not possible for you to*

*apply for disability retirement. You would have had to apply for disability prior to your removal.* It is possible for you to collect your retirement annuity from the State Employes' Retirement System and collect Workmen's Compensation benefits from the State Workmen's Compensation Fund simultaneously. (Emphasis added.)

The letter clearly means that the application may be made conditional because if Crouse won his Civil Service appeal, then he would not be regarded as being terminated, and he would have the freedom to change his benefit election as described in 4 Pa.Code § 249.7(d). The letter also states clearly that Crouse had to apply for disability retirement before his termination. If Crouse interpreted this or similar language to indicate that he would have an option to elect disability retirement if he lost his Civil Service appeal, then he was incorrect.

concluded that the question of what course would be proper had Crouse not received adequate retirement counseling was not before the Board.

Second, the Court notes that cases interpreting the statute at issue here have held uniformly that the final and binding nature of retirement benefit elections is absolute. In *Cosgrove v. State Employes' Retirement Board,* 665 A.2d 870 (Pa.Cmwlth.1995), retirees asserted that when they received their retirement counseling they were not informed of a special provision then available under an Option 4 benefit plan pursuant to Section 5705(a)(4) of the Retirement Code, *as amended,* 71 Pa.C.S. § 5705(a)(4). They asserted that under this special provision they could have elected a higher "up-front" payment, which would be reduced when they began receiving social security benefits. Relying upon *Finnegan v. Public School Employees' Retirement Board,* 126 Pa.Cmwlth. 584, 560 A.2d 848 (1989), *aff'd,* 527 Pa. 362, 591 A.2d 1053 (1991), and *Bittenbender v. State Employes' Retirement Board,* 154 Pa.Cmwlth. 11, 622 A.2d 403 (1992), this Court held: "We thus now conclude that the unequivocal statutory language [in Section 5907(j)] prevents a change in benefit plans even if the pensioners were misled by inadequate counseling. If we were to hold otherwise, we would be required to alter the statute. That is a function for the legislature." *Cosgrove,* 665 A.2d at 874.

The Court recognizes the long and complex litigation surrounding this case and the number of years that Crouse has unsuccessfully sought to change his retirement benefits and the substantial effort that he has put forth to that end. Nevertheless, the Court must follow the statutes and case precedent that apply to his request, and that law is clear that Crouse may not change his benefit selection. Accordingly, the Court concludes that the Board correctly denied Crouse's request to change his retirement benefit plan, and its order is affirmed.

## ORDER

AND NOW, this 10th day of May, 1999, the order of the State Employees' Retirement Board is affirmed.